C. H. MARKINSON v. STATE.

No. 241.   Opinion Filed May 1, 1909.

(101 Pac. 353.)

1.   **APPEAL—Record—Arraignment and Plea—Presumption.** Where the record in a misdemeanor case does not disclose that the defendant was arraigned and pleaded, the arraignment and plea will be presumed; and, unless there is in the record that which shows affirmatively their absence, and where objection is made for the first time in this court, it will not be considered.

2.   **INTOXICATING LIQUORS—Definition.** The words "intoxicating liquors," as used in the prohibition ordinance of the Constitution, reasonably construed, mean liquors which will intoxicate, and which are commonly used as beverages for such purposes, and also any and all mixtures, compounds, or substitutes for such liquors, used as a beverage, that possess intoxicating qualities.

3.    SAME—Judicial Notice of Character of Liquors. Said prohibition ordinance designates beer, ale, and wine as intoxicating liquors, and the courts will take judicial notice that beer is an intoxicating liquor.

4.    SAME—Evidence—Opinion. It is competent to prove the intoxicating or nonintoxicating qualities of any substitute for ordinary intoxicating liquors, by the experimental effect of its use, or by any witness who is shown to have had an opportunity of personal observation, or of experience sufficient to enable him to form a correct opinion.

5.    SAME—Illegal Sale—Evidence—Insufficiency. See evidence in statement of facts. Held, not sufficient to sustain a conviction for violation of a provision of the prohibition ordinance of the Constitution.

(Syllabus by the Court.)

*Error from Comanche County Court; James H. Wolverton, Judge.*

C. H. Markinson was convicted of violating the liquor law, and brings error. Reversed and remanded.

C. H. Markinson, plaintiff in error (hereinafter designated defendant), was on the 7th day of April, 1908, convicted of violating the prohibition ordinance of the Constitution, as charged in an information filed in said county court on the 19th day of November, 1907, wherein it was charged that on the 18th day of November, 1907, defendant did then and there, wilfully and unlawfully, barter, sell and give away one pint of beer to one Claud Small. Defendant was sentenced to pay a fine of $50, and be confined in the county jail of said county for a period of 30 days. On June 16, 1908, defendant filed his petition in error and case-made in the Supreme Court. Said cause was duly transferred to the Criminal Court of Appeals, as provided by law. At the March, 1909, term of this court said cause was submitted.

The testimony on behalf of the prosecution is in substance as follows: Claud Small, the complaining witness, testified that he was acquainted with defendant and his place of business; that he conducted the Monarch Theatre in said city, and that on the 18th day of November, 1907, he went there and got a bottle of "All Hail," and drank another one; identified the bottle, the

label on which read "All Hail. Warranted less than two per cent. alcohol. Valparaiso, N. Y.," and stated that he got said bottle from the bartender. Asked whose place of business it was, he answered, "I don't know whether it was known as Chris' or Mike's place." He further stated that, from his experience and knowledge of beer, "All Hail is a bum kind of beer." On cross-examination he stated that "it tasted like beer," but that he "wouldn't swear it is." A. J. King testified that he was a lawyer; didn't remember ever having drunk any "All Hail," except that which he drank out of said bottle in the sheriff's office; that he had not drunk any beer for about 18 months, but prior to that time he had drunk all kinds of beer, and "don't remember of ever drinking anything like this," but said, "It is beer from the taste. and smell of it." Dr. Starbuck testified that he was a physician and surgeon; tasted the bottle labeled "All Hail," and says in his judgment it is beer. On cross-examination, asked what is beer made of, he stated that "only God and the old lady knows" what beer is made of. A. J. Strickland testified that he was acquainted with the taste and smell of beer, and that he had sampled the bottle labeled "All Hail," and that, if it was beer, it was a poor grade. N. H. Brookover testified "used to drink" in his younger days; that he had taken some of the contents of the bottle labeled "All Hail," and that "it tastes and smells like beer." W. T. Herring testified that he was acquainted with the taste and smell of beer, had tasted the contents of this bottle, and he "would call it beer of some kind." S. E. Vivatie testified that he had taken a drink out of a bottle labeled "All Hail," and "it tasted like beer." Rufe Le Flors testified that he was sheriff of said county, that he had kept the bottle in his safe, and had sampled its contents, and that "it tastes and looks like beer."

On behalf of defendant Dr. Gooch testified that he was a practicing physician and surgeon, and was familiar with what beer is, and of what it consists, and that he had drunk this so-called "All Hail," at the Monarch Theatre, and gave as his opinion that "All Hail is not beer." George McCrory testified that he had been en-

gaged in the wholesale beer business for three years; had drunk all kinds of beer; that he had often drunk "All Hail," and testified that "it is not beer." A. D. Allen testified he was engaged in the wholesale cigar business; was familiar with all brands of beer, and had drunk "All Hail"; stated that it was something like beer, but that "it does not have the same effect as beer." A. W. Allen testified that he had used beer all his life, had "used a very little of 'All Hail,'" and that "I don't think it is beer." Robert Johnson testified that he was familiar with the taste and smell of beer, and had used "All Hail," and that "it is not beer, and it is not intoxicating"; that he had seen other persons drink as much as six or seven bottles of "All Hail," and it never made them drunk.

*Al J. Jennings,* for plaintiff in error.—On necessity of record showing arraignment and plea: 12 Cyc. 344; 2 Cyc. 787; *Bowen v. State,* 98 Ala. 83; *Territory v. Brosh,* 32 Pac. 260.

*Fred S. Caldwell,* for the State.—On question of waiver of arraignment: 12 Cyc. 347, and cases cited; *Martin v. Territory,* 14 Okla. 598; *Rutter v. Territory,* 11 Okla. 454.

DOYLE, JUDGE. (after stating the facts as above). The first question that is presented by defendant for our consideration is that "defendant was never arraigned, or ever entered any plea, or was given any opportunity to plead." The record does not show that the defendant was arraigned and pleaded to the amended information. No objection appears to have been made upon this ground in the court below. The record shows that on March 31, 1908, after a demurrer to the original information had been sustained, an amended information was filed, and on April 1, 1908, defendant filed his demurrer to said amended information, which demurrer was by the court overruled. Whereupon defendant filed his motion to quash the panel and array of jurors, which motion was by the court overruled. The case proceeded to trial without further objection, and the defendant was duly tried. We cannot reverse a judgment in a misdemeanor case for the

reason alone that the record does not show an arraignment and plea by the defendant. Section 5307, Wilson's Rev. & Ann. St. 1903, provides:

"An information may be amended in matters of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

And section 5380, Wilson's Rev. & Ann. St., provides:

"If the indictment is for a felony the defendant must be personally present, but if for a misdemeanor only, his personal appearance is unnecessary, and he may appear upon the arraignment by counsel."

Under this provision of our statute the personal appearance of the defendant in a misdemeanor is unnecessary for the purpose of arraignment and plea. Where the record does not, as in this case, disclose an arraignment and plea, unless there is something to show affirmatively that the defendant was not arraigned and did not plead, such arraignment will be presumed; and, where the record fails to show any objection to proceeding to trial, the question will not be considered by this court when raised for the first time in the petition in error.

The next contention of defendant is that "The verdict is contrary to law and the evidence." Under this assignment it is argued: First. That on the testimony offered on the part of the prosecution the defendant was not connected with the transaction, and that the person making the sale was not shown to have been acting as the agent of defendant. The only evidence on this point is the evidence of the witness Small; and it is questionable if his testimony is sufficient to connect the defendant with the transaction. It is also questionable if the evidence is sufficient to show a violation of the law as it was at the time alleged in the information. To be sufficient to support a conviction it was necessary for the state to prove that said bottle contained beer, or that it contained intoxicating liquor of some kind. The

testimony offered on the part of the prosecution is very unsatis-factory on the question as to whether the contents of the said bottle was beer, and the witnesses for the state do not pretend to testify that it was otherwise intoxicating liquor. The testimony offered on the part of defendant is positive testimony of qualified witnesses, who state that the contents of said bottle was not beer, and that it was not intoxicating liquor of any kind.

This prosecution was for an alleged violation of a provision of the prohibition ordinance of the Constitution, before the passage of the present prohibition law. The language of said prohibition ordinance, reasonably construed, means liquors which will intoxicate, and which are commonly used as beverages for such purposes, and also any and all mixtures thereof, compounds, or substitutes for such liquors that possess intoxicating qualities. The use of intoxicating liquors as a beverage was the evil to be prevented, and by the adoption of prohibition as a part of the organic law it was intended to put a stop to such use. If the proof had shown that the contents of the bottle was beer, that would have been sufficient, as said ordinance designates beer as intoxicating liquor, and all courts take judicial notice that beer is an intoxicating liquor. The testimony offered on the part of the prosecution tended to show that if the contents of said bottle was not beer, it was a substitute. It then became necessary to show that said contents possessed intoxicating qualities.

It is competent to prove the intoxicating qualities of any mixture, compound, or substitute by the experimental effect of its use, or this fact can be proved by any witness who is shown to have had an opportunity of personal observation or of experience, such as to enable him to form a correct opinion. He need not be a technical expert, and it is no objection that the statement of a fact is in the form of an opinion. Under this rule it cannot be said that the evidence offered on the part of the prosecution conclusively shows that there was a violation of the law. The witnesses for the prosecution did not qualify as competent; on the other hand, the evidence of the witnesses for the defendant, who

were shown to have had an opportunity of personal experience and observation sufficient to enable them to form a correct opinion, proved, or tended to prove, that the contents of said bottle was not beer, and did not possess intoxicating qualities.

For these reasons, because the evidence is insufficient to support the verdict, the judgment is reversed, and the cause remanded to the county court of Comanche county.

FURMAN, Presiding Judge, and BAKER, Judge, concur.