## SAM LATTA v. STATE.

No. A-3564. Opinion Filed Jan. 22, 1921.
Rehearing Denied Sept. 12, 1921.
(200 Pac. 551.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Transportation—Proof of Intoxicating Quality Not Necessary.** In a criminal prosecution for the illegal transportation of spirituous liquor, where it is sufficiently shown that the liquor being transported is whisky, it is not necessary to show specifically that such liquor is intoxicating.

2. **Same—Conviction—Sufficiency of Evidence.** The evidence in this case examined, and found sufficient to support the verdict.

Appeal from Superior Court, Okmulgee County; Guy F. Nelson, Judge.

Sam Latta was convicted of the crime of illegally transporting intoxicating liquor. On April 12, 1919, a verdict of the jury was rendered, finding the defendant guilty as charged in the information, but failing to fix the punishment. The court thereafter sentenced the defendant to a term of 60 days in jail and to pay a fine of $200. From such judgment and sentence an appeal has been taken to this court. Affirmed.

S. M. Rutherford, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

BESSEY, J. Plaintiff was informed against and convicted of the crime of transporting certain spirituous liquor from some point unknown to Third and Broadway streets, in Muskogee, Okla., on the 4th day of February, 1919.

On the trial of the case plaintiff in error did not take the stand or introduce any evidence.

The testimony on the part of the state, in substance, was that the officer who arrested the plaintiff in error did so after the latter had driven his taxi to this certain point in the city of Muskogee and after he had there attempted to search plaintiff in error, for the purpose of ascertaining

whether he had transported and had on his person any intoxicating liquor. Plaintiff in error there resisted being searched by the officer, who then forcibly conveyed him to jail, and on the way to jail plaintiff in error took out of his pocket several pint bottles and threw them on the pavement so that they were all broken, but that the officer in charge of the plaintiff in error knew that these bottles so thrown and broken had contained whisky, from the odor of the contents so spilled. That after the plaintiff in error had been lodged in jail, this officer and another officer returned to where the bottles had been broken and where portions of liquor still remained in depressions in the pavement, and verified the conclusion that the contents of the bottles was whisky.

It is earnestly contended by plaintiff in error that there was not sufficient proof that the contents of these bottles was intoxicating, and in his brief he cites a number of authorities in support of his contention. The cases cited, however, were where the liquid concoctions were for medicinal use or were beverages of unknown alcoholic content. In all such cases it is necessary to prove that the liquor had intoxicating properties, but in none of these cases was the question raised as to whether whisky was an intoxicating liquor.

The word ''whisky'' has a well-defined and well-known meaning and indicates per se, an intoxicating liquor; and where it is sufficiently shown that the liquor being transported was whisky, it is not necessary to show specifically that it was intoxicating. Markinson v. State, 2 Okla. Cr. 323, 101 Pac. 353; 15 R. C. L. Intoxicating Liquor, § 3.

There being no controverting evidence introduced, this court is of the opinion that there is sufficient evidence to sustain the verdict, and the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.