### LEE FOWLER v. STATE.
No. A-3905.   Opinion Filed May 5, 1923.
(214 Pac. 738.)

(Syllabus.)

1.   Indictment and Information—Proof of Substantive Offense Charged. The state need do no more than to prove the substantive offense charged.

2.   Intoxicating Liquors—Evidence to Sustain Conviction for Selling. Evidence reviewed, and held sufficient to sustain a conviction for selling intoxicating liquor.

3.    **Evidence—Judicial Notice that Alcohol is Intoxicating, Spirituous Liquor.** Courts take judicial notice that alcohol is an intoxicating, spirituous liquor.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Lee Fowler was convicted of a violation of the prohibitory liquor laws, and he appeals. Affirmed.

R. C. Drake, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of the county court of Stephens county, rendered on a verdict of a jury finding appellant guilty of selling intoxicating liquor, and assessing his punishment at confinement for six months in the county jail and a fine of $500.

The information charges that Lee Fowler, in Stephens county on or about the 23d day of December, 1919, "then and there being did then and there willfully and unlawfully sell intoxicating liquor, namely, one quart of alcohol, to G. C. Jackson, Ben Jones and Duge Grove."

Counsel for appellant contends that there is a fatal variance between the testimony produced and the allegations of the information, in that the information charges the selling of one quart of alcohol, and that the state did not prove the intoxicating liquor sold was alcohol.

G. C. Jackson, first witness for the state, testified that he had known defendant, Lee Fowler, about 12 years; that on the day alleged defendant sold him a quart of alcohol, commonly called "White Mule"; that he would judge it was 40 per cent. alcohol; that is was a kind of whisky.

The foregoing excerpt from the testimony is sufficient to show that there was no variance. Assuming, but not deciding, that having alleged the sale of a particular kind of liquor, the state is held to the proof of that particular kind, still there is no variance. The general rule is that the state need do no more than to prove the substantive offense charged.

It may be further remarked that the allegation of the kind of liquor is placed under a videlicet. This would have excused the state from strict proof, unless such matter became essentially descriptive of the offense. 1 Greenleaf, Ev. § 61.

It is argued by counsel for appellant that the state failed to show that it was even an intoxicating liquor, and, unless it was whisky, the court could not take judicial notice that "White Mule" is intoxicating.

Courts take judicial notice that alcohol is an intoxicating, spirituous liquor, and it was not necessary for the state to prove that it was intoxicating. It is a matter of common knowledge that alcohol is the intoxicating element of the various forms of beverage known as spirituous and intoxicating liquors, and that all intoxicating liquors that are so used contain alcohol mingled with other things, particularly with water.

Finally, counsel for appellant complains that the punishment assessed is excessive.

We do not know just why appellant was given the maximum punishment, but we do know that the records of this court show that he has been a frequent violator of the prohibitory liquor laws.

Finding no error in the record, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.