[Crim. No. 724.   Third Appellate District.—September 13, 1923.]

THE PEOPLE, Respondent, v. FONG WOT, Appellant.

[1] CRIMINAL LAW — CORPUS DELICTI — PROOF. — It is not necessary that the *corpus delicti* be proved beyond a reasonable doubt by evidence independent of the extrajudicial confession of the defendant.

[2] ID.—UNLAWFUL POSSESSION AND SALE OF AND FURNISHING AND OFFERING TO SELL AND FURNISH MORPHINE — CORPUS DELICTI — SUFFICIENCY OF EVIDENCE—CONFESSION.—In a prosecution for the unlawful possession and sale of and furnishing and offering to sell and furnish morphine, the facts that the defendant was given the price of the morphine by an addict in marked money, that he thereupon pointed out a designated place to the addict and then left and after a few minutes returned to the place designated with the exact quantity of the drug which the money given him would purchase and without the marked money, are sufficient proof of the *corpus delicti* to justify the admission of the defendant's confession.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the offense of unlawfully having in his possession and selling and furnishing and offering to sell and furnish morphine. This appeal is from the judgment and the order denying defendant's motion for a new trial.

Appellant contends that there was not sufficient proof of the *corpus delicti.* Two witnesses testified that one of them

---

1. Proof of *corpus delicti* for purpose of corroborating confession, notes, 68 L. R. A. 50, 64, 68, 71, 73; L. R. A. 1916B, 748, 848.

2. Entrapment to commit crime of unlawfully selling narcotics, note, 18 A. L. R. 170.

gave a certain drug addict three marked silver dollars and instructed him to go to a point on I Street, opposite "Duck Alley," and purchase three packages of morphine; that morphine was selling at one dollar a package; that they watched the addict until he met the defendant and, after a conversation with him, which they could not understand, gave him the three marked dollars; that they saw defendant point toward the alley and then leave; that the witnesses thereupon stationed themselves near the alley and about ten or twelve minutes later arrested the defendant as he was about to enter it; that when arrested he had three packages of morphine in his possession, but did not have the three marked dollars. In addition to the foregoing evidence, the defendant, at the time of his arrest, with reference to the addict and the packages of morphine, said: "He was sick, and I take them to him"; and when asked about the three dollars he said: "I give money to another man. He go across the street." [1] It is not necessary that the *corpus delicti* be proved beyond a reasonable doubt by evidence independent of the extrajudicial confession of the defendant. (*People* v. *Jones,* 123 Cal. 65 [55 Pac. 698].) [2] The facts that the defendant was given the price of the morphine, that he thereupon pointed out Duck Alley to the addict and then left and after a few minutes returned to the place designated with the exact quantity of the drug which the three dollars given him would purchase and without the marked money are certainly sufficient proof of the *corpus delicti* to justify the admission of the defendant's confession. Such facts and the defendant's confession together make out a clear case of selling and offering to sell and furnish the drug.

The judgment and order are affirmed.

Hart, J., concurred.