## FRANK KOLAR v. STATE.

No. A-4662.   Opinion Filed Jan. 24, 1925.
(232 Pac. 449.)

(Syllabus.)

1.   Evidence—Judicial Notice that "Corn Liquor" is "Corn Whisky."
This court will take judicial notice that the word "corn liquor"
is a vernacular term, by common acceptance and use meaning
"corn whisky."

2.   Intoxicating Liquors—Information Charging Possession of "Corn
Liquor" With Intent to Sell Supported by Evidence of Such Pos-
session of Corn Whisky.  An information charging a crime in
having possession of intoxicating liquor, to wit, "corn liquor,"
with intent to sell, etc., is supported by proof that the person
charged had possession of "corn whisky" with intent to sell.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Frank Kolar was convicted of unlawful possession of intoxicating liquors, and he appeals.  Affirmed.

Fogg & Bennett, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

EDWARDS, J.  Frank Kolar was tried in the county court of Canadian county, and convicted of unlawful possession of intoxicating liquors.  The charging part of the information is in these words:

"* * * That one Frank Kolar, late of the county of Canadian and state of Oklahoma, on or about the 4th day of January, in the year of our Lord one thousand nine hundred and twenty-three, at and within the said county and state, did then and there willfully, unlawfully have the

possession of intoxicating liquor, to wit, 50 gallons of corn liquor, for the purpose of selling, bartering, and otherwise furnishing same, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The principal assignment of error is that the verdict is contrary to the evidence, it being the contention of plaintiff in error that the proof of corn whisky or whisky would not support the charge in the information of "corn liquor," and that, if the state relies for conviction upon the proof of corn liquor, its intoxicating character must be proven; that evidence as to the possession of whisky would be improper under a charge of corn liquor.

The record discloses that the plaintiff in error had in his possession more than 50 gallons of corn whisky, hidden in a straw stack, and admitted that the same was his and had been made by him. If there is no variance between the charge in the information and the proof, the state made a strong case, and the verdict is fully warranted by the evidence.

In the trial of the case the words "corn liquor," as set out in the information, and the word "whisky," or "corn whisky," were used interchangeably.

In the evidence M. F. Meadows testified as follows:

"Q. What was it in this bottle, if you know? A. Corn liquor.

"Q. Do you know what corn liquor is? A. I think I do."

Thereupon counsel for plaintiff in error cross-examined and referred to the liquor found as whisky, apparently treating the terms "whisky" and "corn liquor" as synonymous. The other witnesses in like manner treated the words "whisky" and "corn liquor" as being interchangeable.

We find only one case which appears to be in point on

the use of the term "corn liquor." In Wilburn v. State, 8 Ga. App. 28, 68 S. E. 460, the court, in upholding a conviction, said:

"It is insisted that there is a fatal variance between the allegation of the presentment and the proof, in that the only evidence tending to show that the liquor purchased was alcoholic, spirituous, malt, or intoxicating was that of the state's witness, who testified that he bought corn liquor from the defendant. We think this was sufficient, in the absence of anything to the contrary, to authorize tne inference on the part of the jury that the liquor sold was corn whisky and intoxicating. Considering the nature of the case being tried, as well as the ordinary acceptation of the term 'corn liquor,' it would hardly be reasonable to assume that the jury could have inferred that the witness meant anything else than corn whisky when he stated he bought 'corn liquor.'"

In thus holding we are not unmindful of the decisions of this court in the case of Yoather v. State, 5 Okla. Cr. 46, 113 P. 234, in which it is held that—

"On the trial of an indictment which charges the sale or giving away of a specific kind of liquor by name, not accompanied by general descriptive terms, the sale must be proved as alleged."

That was a case in which the information charged the giving of whisky, and the proof showed alcohol instead of whisky; and in the case of Smith v. State, 7 Okla. Cr. 4, 120 P. 1031, wherein the information charged that appellant sold whisky, beer, wine, and ale, and the proof showed the sale of patented medicine with unlawful alcoholic contents. Those cases turned upon the variance between the intoxicant alleged in the information and the intoxicant proven, while in the instant case the intoxicant alleged and proven is the same, but designated by different names which are synonymous.

Finding no error in the record, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.