## ARTHUR SKELTON v. STATE.

No. A-4939.  Opinion Filed May 23, 1925.
On Rehearing Sept. 19, 1925.
(239 Pac. 189.)

W. P. Hickok and J. H. Antrobus, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton and Chas. Hill Johns, Asst. Attys. Gen., for the State.

EDWARDS, J.  The record discloses that the plaintiff in error was charged wtih a violation of the liquor law, the charging part of the information being as follows:

"That the said Arthur Skelton, on the day and year aforesaid, and in the county and state aforesaid, did knowingly, willfully, unlawfully, convey, transport, ship, and carry certain spirituous, vinous, fermented, malt, and intoxicating liquor, to wit, ten ounces of 'Jake,' from a point unknown to informant to another point on the street in front of Butler Bros.' Garage, in the town of Taloga, Dewey county, Okla. * * *"

Upon a trial the plaintiff in error was convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The plaintiff in error advances two propositions as ground for reversal: First, that the information is insufficient. Second, that the evidence does not sustain the verdict. These assignments of error are so closely related in this case that they will be considered as one proposition.

It will be noticed that the allegation of the information is that defendant did transport certain spirituous, vinous, fermented, malt and intoxicating liquor, to wit, "ten ounces of Jake." The general allegation is limited by the specific term "Jake." The information is sufficient, as it alleges the transportation of prohibited liquors. Estes v. State, 13 Okla. Cr. 604, 166 P. 77, 4 A. L. R. 1135; Crawford v. State, 5 Okla. Cr. 33, 113 P. 200; Moss v. State, 4 Okla. Cr. 247, 111 P. 950.

But where a charge of transporting intoxicating liquor is made, setting out specifically the liquor transported, unless the liquor alleged is one of which the court takes judicial knowledge of its intoxicating character, it is necessary to prove that the liquor alleged to have been transported is intoxicating.

When facts are so well known and fixed in the public mind that the courts take notice of them without proof, this notice is generally spoken of as judicial knowledge or judicial notice. Among this class of facts is the knowl-

edge that certain liquors contain a large percentage of alcohol and are intoxicating; among them, brandy, gin, whisky, wine, and, of course, alcohol.

There are other liquids where there is a conflict of authorities as to whether or not the courts will take judicial knowledge of their intoxicating character; some of the states holding that they will not take such notice, and others holding that they do. Among these are beer, cider, hard cider, and Jamaica ginger. Then there is a class of beverages sometimes intoxicating, the nature of which the courts do not take judicial notice, and where a violation of the prohibitory law is predicated thereon, it is necessary to prove that they are intoxicating. Among this latter class are "choc," or choctaw beer and bitters. Crawford v. State, 5 Okla. Cr. 33, 113 P. 200; Cunningham v. State, 18 Okla. Cr. 706, 192 P. 1104; State v. Feeback, 3 Okla. Cr. 508, 107 P. 442; State v. Kollar, 17 Okla. Cr. 132, 196 P. 968; McNeal v. State, 15 Okla. Cr. 639, 179 P. 943; Kolar v. State, 29 Okla. Cr. 76, 232 P. 449.

Among the latter class, also, is "Jake" as charged in this case. Our attention has not been called to any definition, judicial or otherwise, of the concoction designated as "Jake." The word is a low colloquialism applied to a liquor reputed to be composed of a mixture of Jamaica ginger" and some other beverage or beverages, and the word "Jake" is presumably derived from, or a corruption of the word "Jamaica." Its intoxicating character and alcoholic content would, of course, vary in any case with the percentage of alcohol contained in the mixture, of which there is no fixed percentage. It is necessary, therefore, that where a violation of the Prohibitory Law is based on the sale or transportation of the concoction designated "Jake" there must be proof that it is intoxicating.

The information being sufficient if the proof of the intoxicating character is sufficient, the verdict should be

sustained. We have examined the record, and while the evidence is not strong, there is evidence that the concoction was intoxicating, and that the plaintiff in error at the time was partially intoxicated. When there is evidence, its weight and sufficiency of the evidence is for the jury. The verdict will not be disturbed.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.

On Rehearing.

EDWARDS, J. Since filing the original opinion in this case, a petition in error has been duly filed, calling the attention of the court to the fact that in the trial of the case below there was no proof of venue, and that this question was presented in the briefs and overlooked by the court. An examination of the record and briefs discloses that this contention is well founded. A careful examination of the record discloses that there was no proof of venue in the trial of this case. The proof is that the defendant was seen in Jim Smith's restaurant, and his car was searched in front of Butler's garage. There is no evidence that these places were in Dewey county, nor is there any other evidence from which the conclusion may reasonably be drawn that the offense charged was committed in Dewey county.

The venue of an offense must be proven as charged. Brunson v. State, 4 Okla. Cr. 467, 111 P. 988; Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L. R. A. (N. S.) 153. It may be proven by circumstantial evidence, and it need not be proven beyond a reasonable doubt. Gritts v. State, 6 Okla. Cr. 534, 118 P. 673, 120 P. 669; Harvey v. Territory, 11 Okla. 156, 65 P. 837; Groh v. State, 30 Okla. Cr. 396, 236 P. 435. It is not necessary that any witness state directly that the crime was committed in the county of the prosecution. It will be sufficient if the

place of commission be so described that the court may take judicial notice that it is in such county. Hunter v. State, 6 Okla. Cr. 446, 119 P. 445.

In this case, however, neither Jim Smith's restaurant nor Butler's garage is so described or identified that the inference may reasonably be drawn, or that the court may take judicial notice, that such places were in Dewey county.

The case is therefore reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.