STEVE PERETTO v. STATE.

No. A-5045. Opinion Filed Aug. 26, 1925.
(238 Pac. 870.)

G. L. Bynum and W. C. Hall, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe,. Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction upon a charge of having possession of intoxicating liquor with intent to sell, the plaintiff in error, hereinafter referred to as defendant, has appealed. He was charged with having possession of 16 gallons of "choc" beer and 1½ gallons of wine and two-thirds of a quart of whisky. The evidence on the part of the state sustained the allegation, which was denied by the defendant, who testified that he had only 5 or 6 gallons of "choc" beer and no wine or whisky.

Complaint is made by defendant: First, that the evidence is not sufficient; second, that the court erred in its instructions to the jury; and, third, the court erred in admitting the evidence of the reputation of the defendant's

residence where the liquors were found. Upon the first assignment, it is contended that there is no substantial proof that the so-called choc beer contained as much as one-half of 1 per cent. of alcohol, measured by volume. This contention is correct, there is no substantial proof on this point, and if the case rested on the proof on that subject, it would necessarily be reversed. The court does not take judicial knowledge that choc beer is intoxicating, but its intoxicating character must be proven. Rambo v. State, 31 Okla. Cr. 214, 238 P. 869; Crawford v. State, 5 Okla. Cr. 33, 113 P. 200; Cunningham v. State, 18 Okla. Cr. 706, 192 P. 1104.

The state, however, did offer evidence of the seizing of a gallon and a half or a gallon and three quarts of wine. Wine is a vinous liquor expressly designated within the terms of section 6999, Comp. St. 1921, as amended by chapter 123, Session Laws, Special Session 1924, and as such its possession with intent to sell is a violation of law. It is true the defendant denies having possession of any wine, and upon that point there is a direct conflict of the evidence, but since the jury saw and observed the witnesses it is for them to determine who they will believe or disbelieve. In the absence of any unusual circumstances, their verdict will not be disturbed on questions of fact.

Complaint is made of various instructions given by the court. These instructions are not set out in the brief, as required by the rules of court, but we have examined them and find no such error as calls for a reversal.

It is also urged that proof of reputation of the place was not confined to the place of residence where the liquors were found, but covered a place where defendant had previously lived. We are unable to determine from the record at what time the defendant had moved from the place of search, or how remote was the matter of reputation at the former place. Proof of reputation of a place where intox-

icating liquors are kept for sale is admissible for the purpose of showing intent. Prendergrast v. State, 31 Okla. 8, 236 P. 903, and authorities therein cited.

No prejudicial error is shown affirmatively. The case was fairly tried, the evidence sustains the verdict, and the case is affirmed.

DOYLE, J., concurs. BESSEY, P. J., absent, not participating.