JACK PHELPS et al. v. STATE.

No. A-5684.   Opinion Filed Feb. 26, 1927.
(253 Pac. 910.)

A. O. Manning, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Major county on a charge of manufacturing whisky and each sentenced to pay a fine of $200 and to be confined in the county jail for a term of 60 days.

The record discloses that the two defendants, with Art Warkentine, installed a still at the home of Warkentine and manufactured a considerable quantity of

whisky. The defendants did not take the stand, and offered no evidence. Counsel for defendants made a vigorous defense, objecting to each step of the proceedings, and has filed a brief making various technical contentions.

The information was verified by the county attorney. A motion to quash was interposed for the reason that it was in fact made on information and belief. A hearing was had on this motion and county attorney testified that he went to the place after the arrest and saw the still and other paraphernalia, and had affidavits filed with him as a basis for his affidavit. The positive affidavit of the county attorney is sufficient. Sayers et al. v. State, 10 Okla. Cr. 233, 135 P. 1073. If, however, we should hold otherwise it would not have been a sufficient reason for quashing the information. The information, in any event, would have been good for all purposes except as a basis for issuing a warrant, and the remedy would have been to have quashed the warrant, and not to quash the information. Bowen v. State, 5 Okla. Cr. 605, 115 P. 376; Fullingin v. State, 7 Okla. Cr. 333, 123 P. 558.

Defendants next contend that the information is insufficient in failing to charge the whisky manufactured contained more than one-half of 1 per cent. of alcohol, measured by volume. Section 7002, Comp. Stat. 1921, defines the offense for which the defendants are prosecuted. Such section prohibits the manufacture of spirituous, vinous, fermented, or malt liquors. The courts take judicial knowledge that whisky is a spirituous liquor, intoxicating in its character; and where a statute forbids the manufacture of spirituous liquor, an allegation of the manufacture of "whisky" is sufficient under the statute, and the intoxicating character need not be directly alleged or proven. 8 Words and Phrases,

First Series, p. 7445, "Whisky"; Peretto v. State, 31 Okla. Cr. 319, 238 P. 870.

It is only those beverages which are not per se intoxicating, such as "choc beer," "jake," or the like, or substitutes, that such allegation is necessary. Rambo v. State, 31 Okla. Cr. 214, 238 P. 869; Kolar v. State, 29 Okla. Cr. 76, 232 P. 449; Skelton v. State, 31 Okla. Cr. 343, 239 P. 189.

Defendants also make some contention that there is not sufficient evidence other than the accomplices, Art Warkentine and John Jester, to connect defendants with the commission of the offense. This contention is wholly untenable. There are numerous corroborating circumstances, and, in addition, the evidence of Mrs. Art Warkentine and others, which fully satisfied the rule requiring corroboration of an accomplice.

Objection is made to some of the court's instructions, but they are not of sufficient importance to call for discussion. There can be no question but what defendants operated the still in question and manufactured whisky, and that they had a fair trial and fully deserved the punishment assessed.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.