## PAUL SANDFORD v. STATE.

No. A-6751.  Opinion Filed June 15, 1929.
Rehearing Denied July 27, 1929.
(279 Pac. 520.)

Leedy & Leedy, for plaintiff in error.

T. R. Blaine, Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county on a charge of having possession of intoxicating liquor, to wit, wine, with intent to barter, sell, give away, or otherwise furnish the same to other persons contrary to law, and was sentenced to pay a fine of $300 and to be imprisoned in the county jail for 30 days. Proper steps were taken by defendant, and the cause is now on appeal to this court.  Defendant in his brief states:

"The facts as disclosed by the record only raises one issue, and that is, whether the grape juice or wine found by the officers and destroyed by them was in fact wine."

The evidence on the part of the state is that the officers found two 50 or 55 gallon barrels full of wine, three 16-gallon kegs, five 5-gallon jugs, three 2-gallon jugs, and one or two gallon jugs. The undersheriff, Black, testified that in a conversation with the defendant upon reaching the place to be searched, the defendant said he had some wine down in a little building and pointed out the building; that the witness tasted of the contents of the barrels and they were wine; that they found two other barrels of wine in the making and they had grapes in them and were fermenting. The witness further testified that hogs came up and drank from the contents of the bottles, barrels, kegs, and jugs poured out on the ground and that after drinking the wine they staggered around and got down and could not get up and were intoxicated. The evidence of the witness, Black, was corroborated by the evidence of the witnesses, Devenney and Hanley, who assisted in the raid. Officer Black further testified that buried under some hay he found a still, and that outside on the premises was a haystack, hollow in the center, with a small room in the center of the stack. The defendant and his witnesses testified that this was homemade wine or grape juice for home consumption and was not intoxicating.

The jury evidently believed the evidence of the state on the question of fact by finding the defendant guilty. There being a conflict in the evidence and the jury having found the issues in favor of the state, the verdict of the jury will not be disturbed unless errors of law appear upon the record which deprive the defendant of a statutory or constitutional right.

The only other question raised by the defendant is the sufficiency of the instructions given by the court.

The defendant, if he desired additional or different instructions, should have presented them to the court in writing and requested that the same be given by the court. The defendant complains particularly of instruction No. 4 given by the court, which instruction is as follows:

"You are instructed that when facts are so well known and fixed in the public mind that the courts take notice of them without proof, this notice is generally spoken of as judicial knowledge or judicial notice. Among this class of facts of which the courts take judicial knowledge, without proof, is that wine, when proven to be such beyond a reasonable doubt, contains a large per cent. of alcohol and is intoxicating."

This court in the case of Skelton v. State, 31 Okla. Cr. 343, 239 Pac. 189, Judge Edwards, says:

"When facts are so well known and fixed in the public mind that the courts take notice of them without proof, this notice is generally spoken of as judicial knowledge or judicial notice. Among this class of facts is the knowledge that certain liquors contain a large percentage of alcohol and are intoxicating; among them, brandy, gin, whisky, and, of course, alcohol."

While some of the instructions are not skillfully drawn, they fairly state the law of the case and were as favorable to the defendant as the facts shown by the evidence would warrant. The evidence being sufficient and no substantial errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.