JOHN GULLEY v. STATE.

No. A-7495. Opinion Filed Dec. 6, 1930.
(293 Pac. 1113.)

J. W. Burrow and Perry J. Morris, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Ellis

county of a second and subsequent violation of the prohibitory liquor law of the state (Comp. St. 1921, § 6982 et seq.), and his punishment fixed by the jury at a fine of $50 and imprisonment in the state penitentiary for a period of three years.

The evidence of the state was that the defendant had been convicted in the county court of Ellis county of the crime of unlawful possession of a still and had served a term of 30 days in the county jail and paid a fine of $50, and that thereafter, and on the 14th day of November, 1928, defendant transported three gallons of moonshine whisky from a point in Ellis county unknown to the county attorney to a place on the northwest quarter of section 32, township 21 north, range 25 W. I. M., in Ellis county.

The defendant, testifying for himself, admitted the prior conviction, but denied the possession or transportation of the whisky charged in the information.

Defendant contends, first, that the conviction is based entirely upon the extrajudicial confession of the defendant, without proof aliunde of the corpus delicti.

The evidence of the state was that the defendant brought some whisky and brandy to the home of Alex Deal, one of the state's witnesses, and said he wanted to leave it in the cellar until night and then come and get it and bury it; that defendant left two kegs and two gunny sacks of bottles; that defendant told him it was whisky and he could smell the odor of whisky; that defendant went to the home of Anna Deal, another of the state's witnesses, with a three-gallon jug in his car; that defendant accused state's witnesses of stealing his whisky and brandy out of Deal's cellar and told them that he had a three-gallon jug of it in his car; that they saw the jug in the car, but did not taste or smell of the contents; that state's wit-

ness, Alex Deal, was in the car with defendant driving from his home to the residence of Anna Deal to talk to her about the supposed stealing of the liquor; that this jug was in the car and was transported during that trip.

In the case of Hildebrandt v. State, 19 Okla. Cr. 30, 197 Pac. 852, this court said:

"The corpus delicti of an offense may be established by circumstantial evidence."

In the body of the opinion, this court says:

"While the proof of the corpus delicti of the crime is based largely upon circumstantial evidence, it cannot be said, as a matter of law, that there is no competent evidence to sustain the conviction. This court has repeatedly held that, where there is any evidence in the record from which the jury could legitimately conclude that the defendant was guilty of the offense charged, a judgment of conviction will not be set aside because of the insufficiency of the evidence."

The corpus delicti of the offense may be established by circumstantial evidence. Choate v. State, 12 Okla. Cr. 560, 160 Pac. 34, L. R. A. 1917A, 1287.

It is not necessary that it be proven by direct and positive proof. It may be proven by circumstantial evidence if from all the circumstances the jury are satisfied of the defendant's guilt beyond a reasonable doubt. Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359.

While the corpus delicti may not be established by the extrajudicial confession of the accused alone, still the corpus delicti need not be proved beyond a reasonable doubt by evidence other than the admissions and declarations of the accused. People v. Hatch, 163 Cal. 368, 125 Pac. 907; People v. Fong Wot, 63 Cal. App. 677, 219 Pac. 481; State v. Kindle, 71 Mont. 58, 277 Pac. 65; Ashby v. State,

124 Tenn. 684, 139 S. W. 872; State v. Cardwell, 90 Kan. 606, 135 Pac. 597, L. R. A. 1916B, 745.

When the facts and circumstances in evidence in the case at bar are considered in connection with the defendant's extrajudicial confession, they are sufficient to support a verdict of guilty by the jury.

Defendant next contends that the court erred in overruling his demurrer to the state's evidence on the ground that there was no proof that the "moonshine whisky," which it is alleged defendant admitted having, contained more than one-half of 1 per cent. of alcohol measured by volume.

In Latta v. State, 19 Okla. Cr. 441, 200 Pac. 551, this court said:

"In a criminal prosecution for the illegal transportation of spirituous liquor, where it is sufficiently shown that the liquor being transported is whisky, it is not necessary to show specifically that such liquor is intoxicating."

In the body of the opinion this court said:

"The word 'whisky' has a well-defined and well-known meaning and indicates per se, an intoxicating liquor."

In the case of U. S. v. Golden (D. C.) 1 F. (2d) 543, 547, it is said:

"Moonshine whisky is 'whisky' within meaning of that word as used in National Prohibition Act, Tit. 2, § 1 (27 USCA §§ 4 and 5), providing that the term 'intoxicating liquor' includes whisky."

"Moonshine" merely characterizes "whisky" which is intoxicating as a matter of law, and which is illicitly distilled. State v. Sedlacek, 74 Mont. 201, 239 Pac. 1002.

The evidence being sufficient to support the verdict

of the jury and no substantial error appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.