**Alma SKAGGS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12048.**

Criminal Court of Appeals of Oklahoma.

Oct. 27, 1954.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by the defendant, Alma Skaggs, in the County Court of Pontotoc County wherein she was sentenced to pay a fine of $100 and serve a term of 60 days in the county jail.

Three of the assignments of error are identical to the propositions decided adversely to the accused in case No. A–11,-983, decided on July 28, 1954, Okl.Cr., 273 P.2d 783, and this opinion will not be

lengthened by a further discussion of those questions.

This leaves for discussion the single proposition that the evidence was not sufficient to support the conviction. The officers executing the search warrant for defendant's premises testified that while making the search they could hear a sloshing noise of a liquid in a container evidently located on the person of the defendant and that defendant, when asked about it, produced a pint of whiskey from under her skirt. They further testified that secreted in a post hole near the northeast corner of defendant's garage a pint bottle was found partially filled with gin. Officer Crisp testified that as he was walking around, he stumbled over a covered hole and upon investigation found the partially filled pint bottle of gin in a container placed in the hole over which he had stumbled. State's Exhibit No. 1 as identified by the court reporter in the record shows that it was a pint bottle one-half empty containing the label of gin, Schenley. The witness Crisp testified positively after an examination of the liquid in the bottle that it was gin. There also was introduced as evidence against the accused a certificate from the Collector of Internal Revenue showing the payment of the special tax required of a retail liquor dealer by the defendant, Alma Skaggs, for the premises described in the warrant and on which the accused lived, which certificate or license was in effect at the time of the seizure of the intoxicating liquor in question.

The defendant testified in her own behalf that the partially filled bottle of gin which was found by the officers belonged to one Fred Woods who was on her premises at the time of the search by the officers, and that he had brought the gin to the premises with him. She further testified that at the time the gin was found, that Woods told the officers that it belonged to him and that he had hidden it in the hole where it was found. On rebuttal the officers testified that there was no other person present at the time of the search and seizure of the liquor in question; that they knew of no man by the name of Fred Woods, and that they had no conversation

with any man on the premises of the accused who claimed the ownership of the gin. On cross-examination defendant admitted several prior convictions for the possession of intoxicating liquor with intent to sell.

■ This is not a very satisfactory case in so far as the amount of intoxicating liquor was concerned. We are reluctant to affirm a conviction for the unlawful possession of intoxicating liquor where there is less than a quart involved. Where there is more than a quart involved, it is provided by statute that the possession of such amount is prima facie evidence of an intent to violate the prohibitory laws. 37 O.S.1951 § 82. Although there was less than a pint of intoxicating liquor found on the premises and person of the defendant, the State did introduce in evidence a certificate from the Collector of Internal Revenue showing the payment of a special tax required of retail liquor dealers by the federal government. It is provided by statute that the payment of this special tax shall constitute prima facie evidence of an intention on the part of the payer of said tax to violate the prohibitory liquor laws. 37 O.S.1951 § 81. Because of the introduction of this proof we feel that, although the State's case is weak, there is sufficient evidence to go to the jury and to sustain the conviction where the jury returned a verdict of guilty. This is in accordance with the uniform holding of this court.

■ It is contended that there was no proof that the liquid referred to as "gin" was intoxicating. So far as we have been able to find, this court has never passed upon the question as to whether the court will take judicial knowledge of the intoxicating character of gin although we have held many times that we will take judicial notice that whiskey is intoxicating. Latta v. State, 19 Okl.Cr. 441, 200 P. 551; and also beer, Cox v. State, 3 Okl.Cr. 129, 104 P. 1074, 105 P. 369; and also alcohol, Fowler v. State, 23 Okl.Cr. 332, 333, 214 P. 738; however, we have refused to take judicial notice that "Jake" is intoxicating, Skelton v. State, 31 Okl.Cr. 343, 239 P. 189;

nor choc beer, Richardson v. State, 21 Okl. Cr. 393, 208 P. 1052. The cases where we refused to take judicial notice of the intoxicating character of a liquid involved concoctions which were for medicinal uses or were beverages of unknown alcoholic content. In all such cases it is necessary to prove the intoxicating character of the liquid.

In the case of Leiser v. Thomas, La.App., 150 So. 670, it is said, "gin is an alcoholic beverage containing 40 per cent. of alcohol by weight". The Supreme Court of Georgia stated in Snider v. State, 81 Ga. 753, 7 S.E. 631, 632, as follows:

"As long as laws for licensing the sale of intoxicating liquors have existed, brandy, whisky, gin, rum, and other alcoholic liquids, have been held to be intoxicating liquors per se; and why? Simply because it is within the common knowledge and ordinary understanding that they are intoxicating liquors."

Counsel for the accused has cited no authority to sustain his contention that the court could not take judicial notice of the intoxicating character of gin. We believe that the word "gin" has a well-defined and well-known meaning and indicates per se an intoxicating liquor, and therefore it was not necessary for the State to specifically prove the alcoholic content or show it was intoxicating. Here the officer testified positively that the liquid was gin. The bottle itself was labeled "gin." No evidence to dispute this testimony was offered.

Although the accused is a well-known liquor offender who has had many appeals before this court, we feel that in the instant case, owing to the weakness of the State's case, that the judgment and sentence should be reduced to the minimum. It is therefore ordered that the judgment and sentence of the County Court of Pontotoc County be reduced from 60 days in the county jail and a fine of $100 to 30 days in the county jail and a fine of $50, and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.