Mark **SILVERMAN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–75–333.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1975.

Wilson Wallace, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., James Swartz, Asst. Atty. Gen., Joe Mark El-kouri, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, Mark Silverman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRM–75–42, for the offense of Unlawful Sale of Alcoholic Beverage, in violation of 37 O.S.1971, § 505. His punishment was fixed at three (3) months' imprisonment and a fine of Five Hundred ($500.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

The entirety of the State's case was predicated on the testimony of agents Bill Williams and Kenneth R. Smith, both agents of the Alcoholic Beverage Control Board of the State of Oklahoma. The evidence, as presented by the State, reflects that on the night of January 18, 1975, at about 9:30 or 10:00 p. m., the aforementioned agents accompanied by one Betty Triplett went as assigned by the Director of the Alcoholic Beverage Control Board to the Oasis Club at the Lake Murray Lodge. On arriving at the Oasis Club the trio went inside and seated themselves and were waited on by the defendant, Mark Silverman. While at the club the agents ordered three drinks from the defendant, two bourbons and 7-Up, and one vodka and orange juice. When the defendant brought the drinks to their table the agents paid the defendant three dollars for the three drinks. They further testified that they consumed the first three drinks while on the premises and then placed an order with the defendant for three more drinks exactly like the first three. About one-half of one of the drinks was poured into a vial which was to be delivered to a State laboratory for analysis. All of the beverages which the defendant brought to the table were consumed with the exception of

the drink that was poured into the vial for the purpose of chemical analysis.

After the State rested its case, the defendant demurred to the evidence on the grounds that the evidence was wholly insufficient to establish any violation of the law of the State of Oklahoma. More specifically, the defendant contended that the evidence did not establish the sale of *alcoholic* beverages. The demurrer was overruled and on the basis of that decision the defendant brings this appeal.

Mark Silverman, testifying in his own behalf, was the sole witness for the defense. The defendant testified that he had operated the Oasis Club at the Lake Murray Lodge under a lease from the State of Oklahoma for about 11½ years. He further testified that he did not recall ever seeing the agents accompanied by Betty Triplett, their informant, enter his club on the night in question. The defendant also testified that his club does not sell liquor, and that for a person to get an alcoholic drink he must bring his own bottle. He further testified that when a person desires to bring his own bottle, that person must check his bottle in as he enters the club and when the person orders a drink the liquor, which is supplied by the guest, and the mix, which is supplied by the club, are poured into a glass and served to the guest at his table. The defendant stated that a glass of mix costs fifty cents.

In *Brannin v. State,* Okl.Cr., 375 P.2d 276 (1962), this Court set forth the necessary elements which must be proven before the State can obtain a conviction for a violation of unlawful sale of intoxiating beverage as follows: (1) that the accused is the owner or operator of the establishment where intoxicating liquor is (2) sold or offered for sale by the drink, and, (3) kept for sale for consumption on the premises. As can be seen from above there must be competent evidence to the fact that the beverage is indeed an intoxicating liquor. This Court is of the opinion that the evidence as presented by the State is wholly insufficient to sustain a conviction for the sale of intoxicating liquor.

In *Skaggs v. State,* Okl.Cr., 276 P.2d 267 (1954), this Court passed on a similar question. In *Skaggs,* the defendant contended there was no proof that the beverage referred to as "gin" was intoxicating. This Court in that decision held that the word "gin" had a well defined and well known meaning and indicated, per se, an intoxicating liquor, and therefore it was not necessary for the State to specifically prove the alcoholic content or show that it was intoxicating. But, in that case the officer testified *positively* that the liquid was gin. However, in the instant case there is no such evidence. The agents never testified no did they offer any proof that they did, in fact, receive or consume *intoxicating* beverage. They did testify that they ordered bourbon and 7-Up, and orange juice and vodka, however, they did not testify that the drinks which they consumed did in fact contain bourbon or vodka. In *Constabile v. State*, Okl.Cr., 513 P.2d 588 (1973), a demurrer to the evidence in a similar case was properly overruled when the testimony of a witness contained a statement that his drink had alcohol in it and that it smelled like whiskey. Again, however, there is no testimony in the instant case which would in any way tend to support the conclusion that the substance which the defendant brought to the table for the agents consumption was indeed an intoxicating beverage.

It is true that this Court will take judicial knowledge of the intoxicating effect of certain liquors when it is within the common knowledge and ordinary understanding that such liquors are indeed intoxicating. But, there is no evidence that the agents received and consumed either vodka or bourbon. The agents did not testify that they observed a bottle containing bourbon or vodka. See, *Brannin,* supra. As before stated, the agents, after receiving the beverage, did not testify as to any of its characteristics, for example, its taste,

smell, or effect. We must therefore conclude that an essential element of the offense of the unlawful sale of intoxicating liquors was not sufficiently proven and the demurrer should have been sustained.

Based on the reasons stated in the foregoing discussion, this Court holds that the verdict rendered in the court below is, hereby, *Reversed.*

BUSSEY, J., concurs.