## *Ex parte* MILLARD BEVILLE.

No. A-1278.   Opinion Filed September 5, 1911.

(117 Pac. 725.)

1. **PRELIMINARY EXAMINATION—Order of Commitment—Nature of.** A preliminary examination before a committing magistrate, is not a trial, and an order of commitment issued thereon is not "a process issued on a final judgment."

2. **HABEAS CORPUS—Jurisdiction—Legality of Commitment—Probable Cause.** The courts exercise a supervising jurisdiction over the proceedings of a committing magistrate by means of habeas corpus, and inquire into the legality of the commitment and the question of probable cause.

3. **BAIL—Refusal—Commitment for Murder.** Evidence examined, and held sufficient to justify the refusal of bail to petitioner committed to answer for the crime of murder.

(Syllabus by the Court.)

Application of Millard Beville for writ of *habeas corpus.* Denied.

*Harris & Breslin,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for respondent.

DOYLE, J.   Millard Beville filed in this court on July 21, 1911, a petition wherein he alleges that he is illegally restrained of his liberty by David H. Chenault, sheriff of Texas county, and that his illegal confinement and detention consists in this, to wit: That a warrant of commitment was, illegally issued. by W. H. Ater, a justice of the peace, in and for Guymon township, Texas county, upon a preliminary examination had upon a complaint wherein petitioner was charged with the crime of murder, and that under the evidence introduced on said examination defendant was entitled to have been discharged from custody for the reason that said evidence was insufficient to show the commission of the crime of murder, or probable cause to believe the defendant to be guilty of the crime of murder, which it is alleged will more fully appear from the transcript of the testimony taken upon said examination, which is annexed to and made a part of ,

his petition.    Wherefore petitioner prays that a writ of *habeas corpus* be granted, and that he be discharged from custody, and further prays that if the court should be of opinion that the evidence is sufficient to hold petitioner upon the charge of murder that he be admitted to bail, fixed at a reasonable amount, for the reason that the proof of guilt is not evident nor the presumption thereof great.

The testimony taken upon the examination tends to show the following facts:   Anderson Gray and the defendant resided in Turner township, Texas county, their homes being about one mile apart.   Mrs. Minnie Gray, wife of Anlerson Gray, left her home about midday, on July 15, 1911, and on horseback went to the home of the petitioner, and there attempted to turn loose some live stock that petitioner had taken up.   Shortly afterwards she was found by her husband lying in the road about 100 yards from petitioner's home.   She was placed in a wagon and carried home.   She died the following day.

Dr. T. C. Campbell testified that he was a duly licensed and practicing physician; that he lived near Shelton, Texas county; that on July 15th he was called to the home of Anderson Gray, and there found Mrs. Gray apparently unconscious, her head was swollen, her eyes discolored.   There were also several contusions on her body, arms, and hands, and she seemed to be paralyzed as the result of the injuries to her head.

Dr. W. H. Langston testified that he was a practicing physician, and with Dr. Hays on July 17th made a *post mortem* examination of the body of Mrs. Gray, that they found the skull fractured and blood clots in the region of the right and left temples.

Beunah Yarbrough testified that she was driving by the home of the petitioner on the 15th day of July, and saw Mrs. Gray get off a horse, and go towards his corral with a hammer in her hand, and Millard Beville came out of his house and struck her on the head with a club; that when he struck her she fell; that witness then shut her eyes and drove on to Mrs. Dunnings, and from there she could see Mr. Beville and Mrs. Gray moving

about in the road; that Mrs. Gray drove the cows out of the corral, and started towards her home.

Anderson Gray testified that he was 58 years old, and had lived in Turner township about 6 years; that on the afternoon of July 15th he was hauling water, and he found his wife lying in the road, her horse standing nearby; that her skull seemed to be broken, her eyes were black, and she was in an unconscious condition; that he put her on his wagon, drove to his home, and sent for a physician.

Valasto Poplok testified that her age was 15 years, and her home was about 10 miles from Mr. Gray's; that on July 15th she was staying at Mr. Gray's, and was with him when he found his wife lying in the road; that when he put her on the wagon Mrs. Gray said, "That dog beat me. In the section line. He beat me on the head six times," and that Millard Beville was then standing in the road with a club in his hands.

There was no testimony offered upon the examination on the part of the defendant.

A preliminary examination before a committing magistrate is not a trial, and an order of commitment issued thereon is not "a process issued on a final judgment." The courts exercise a supervising jurisdiction over the proceedings of an examining magistrate by means of *habeas corpus,* and inquire into the legality of the commitment and the question of probable cause. *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461; *Ex parte Turner,* 3 Okla. Cr. 163, 104 Pac. 1071. The foregoing summary of the testimony presented is conclusive of the fact that the committing magistrate was fully warranted in committing petitioner for trial for the crime of murder.

As to the contention on the part of petitioner that he is entitled to be let to bail for the reason that the proof of his guilt is not evident nor the presumption thereof great, it is sufficient to say without further comment upon the evidence adduced that, considering his petition as an application for bail, the petitioner has not brought himself within the rule of this court which places the burden upon the applicant to show that he is illegally re-

srained of his liberty. *In re Dykes and Standifer,* and cases therein collated, *infra,* 117 Pac. 724.

Upon a consideration of all the evidence presented in support of the application, we are of opinion that it is insufficient to create a reasonable doubt of petitioner's guilt of the crime of murder.

It is therefore considered and adjudged that the writ be denied and bail refused.

FURMAN, P. J., and ARMSTRONG, J., concur.