SHERMAN WORTMAN v. STATE.

No. A-1550.   Opinion Filed May 24, 1913.

(132 Pac. 358.)

1. **APPEAL—Sufficiency of Evidence.** Where in a criminal case the evidence is insufficient to sustain the conviction, in that the evidence is insufficient to show the commission of the offense charged, the judgment of conviction will be reversed on appeal.

2. **INTOXICATING LIQUORS—Illegal Sales—Use of Imitation—Information.** Where the defendant is charged with the unlawful possession of an imitation and substitute of a fermented and malt liquor, capable of being used as a beverage, the information is insufficient to charge a violation of the statute, unless it is further alleged that such imitation or substitute contained as much as one-half of 1 per cent. of alcohol.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Sherman Wortman was convicted of violating the prohibitory law, and brings error. Reversed.

*McGuire & Smith* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen. (*J. S. Estes* of counsel), for the State.

DOYLE, J.   Plaintiff in error was convicted in the superior court of Logan county on an information which charged:

"The said Sherman Wortman did then and there unlawfully, willfully and knowingly have the possession of a quantity, to wit, eight pints, of an imitation and substitute of a fermented and malt liquor, the name of which is to affiant unknown, capable of being used as a beverage, contrary to," etc.— and in accordance with the verdict of the jury was sentenced to be confined for 30 days in the county jail and to pay a fine of $50.

Of the various errors assigned it is only necessary to notice two, which are in effect: First, the information is insufficient in that it does not state facts sufficient to constitute an offense; second, that the evidence is insufficient to support the verdict and judgment.

Obviously the information is fatally defective. It is not sufficient to merely name the offense and charge a mere conclusion of law. The facts charged must show an offense.

In *Ex parte Hunnicut,* 7 Okla. Cr. 213, 123 Pac. 179, it is said:

"Where an information or indictment merely charges a defendant with unlawfully handling any substitute for or imitation of prohibited liquors, it would not charge an offense against the laws of the state of Oklahoma. Where an information or indictment charges the unlawful use of imitations of or substitutes for prohibited liquors, without going further and alleging facts which would bring them within the purpose of the law, such information or indictment simply charges that, in the opinion of the pleader, an offense has been committed. This would be contrary to the universal rule that legal accusations must allege facts, not opinions."

Two or three witnesses for the state testified that the stuff looked like beer. The defendant as a witness in his own behalf testified that the officers came to his place and took eight

bottles of a liquid called "Tempo"; that it did not look like beer or taste or smell like beer, any more than soda pop; that it was not a substitute for beer, nor did he ever sell it for such. Samuel Garrest testified that it did not look like beer, nor were there any hops or malt about it; that it "tastes a little like burnt sorghum molasses with water in it." George Hannah, John Fallin, Fred· Winters, Lyman Ross, A. T. McMillan, and Charles Seton testified in effect that the liquid was not beer, nor an imitation of beer, and could deceive no one. There was no testimony in the case that this liquid contained any alcohol or was in any way intoxicating.

We are clearly of the opinion that the verdict is unwarranted by the evidence, and that the judgment of conviction, as a matter of law, is without support in the evidence.

The judgment of the superior court of Logan county is therefore reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.