## Ex parte CHARLIE MILLER et al.

No. A-5449. Opinion Filed March 4, 1925.

(233 Pac. 775.)

(Syllabus.)

1. **Preliminary Examination—Requirement of Evidence to Hold Accused for Trial.** In a preliminary examination it is not necessary that the evidence upon which the defendant is held to answer for trial be sufficient to support a conviction. It is sufficient if it is shown that an offense was committed and that there is probable cause to believe the defendant guilty thereof.

2. **Same—Evidence Held Sufficient.** In a preliminary examination before an examining magistrate, petitioners were held for trial on a charge of grand larceny, and in a habeas corpus proceed-

ing in this court they asked for a discharge upon the ground that the evidence did not warrant their commitment. Held, evidence sufficient to show that the crime charged had been committed, and probable cause to believe the petitioners were guilty thereof. Writ denied.

Application for writ of habeas corpus by Charlie Miller and R. L. Helton. Writ denied.

C. B. Leedy and B. F. Barnett, for petitioner.

George F. Short, Atty. Gen., John Barry, Asst. Atty. Gen., and T. R. Blaine, Co. Atty., for respondent.

DOYLE, J. This is a petition for writ of habeas corpus filed in this court February 19, 1925, whereby Charlie Miller and R. L. Helton seek to obtain their discharge from the Ellis county jail, on the ground that they are unlawfully restrained of their liberty by J. D. Thomas, sheriff of Ellis county. It is averred that they are held in custody by virtue of a commitment issued by L. H. Clark, ex officio committing magistrate and county judge of said county, upon a charge of larceny of about 40 bushels of wheat, the property of Harry C. Brownlee, of the value of $1.60 a bushel. It is further averred that the evidence introduced on the preliminary examination before said committing magistrate was insufficient to show probable cause to believe that a crime was committed of which they were guilty, and that there was no legal or competent evidence to show probable cause to believe petitioners guilty of the crime of grand larceny as charged, and said commitment so issued by said committing magistrate was without authority of law, and the same is therefore null and void.

It is well settled that the courts exercise a supervising jurisdiction over the proceedings of a committing magistrate by means of habeas corpus, and inquire into the legality of the commitment and the question of probable cause before an information is filed in the trial court. Ex parte Turner, 3 Okla. Cr. 168, 104 P. 1071; Ex parte Beville, 6

Okla. Cr. 145, 117 P. 725; Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142.

The evidence shows that the wheat was stored in a house on Mr. Brownlee's farm, 11 miles southwest of Arnett, and was hauled from there on a Ford truck to Glazier, Tex., and there sold by two men. The defendants were arrested near Glazier, Tex. The car in which the wheat was hauled was identified as the property of the defendants. There was some testimony tending to show that they were the parties who sold the wheat.

The general rule is that the same measure of proof is not necessary in a preliminary examination as in the trial.

In a preliminary examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficiest to support a conviction. Under the statute (section 2497, Comp. Stat. 1921), it is enough if it is shown that an offense was committed and that there is sufficient cause to believe the defendant guilty thereof.

In an examination of a complaint against Aaron Burr before Chief Justice Marshall, sitting as a committing magistrate, he said:

"On an application of this kind I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of the guilt of the accused; but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it." I Burr's Trial, 12 Fed. Cas. No. 14,692a.

After a careful consideration of the evidence taken in the preliminary examination we conclude that it is sufficient to warrant the holding of the petitioners for trial.

Therefore the application for the discharge on the writ of habeas corpus is denied.

BESSEY, P. J., and EDWARDS, J., concur.