## Ex parte HOMER ROBERTS.

No. A-5763. Opinion Filed Aug. 26, 1925.
(238 Pac. 867.)

A. H. Meyer, for petitioner.

The Attorney General, and Chas. Hill Johns, Asst. Atty. Gen., Allan Falkenstine, Co. Atty., and J. P. Wishard, Asst. Co. Atty., for respondent.

DOYLE, J.   This is a petition for writ of habeas corpus, filed in this court August 21, 1925, whereby Homer Roberts seeks to obtain his discharge from  the  Blaine county jail on the ground that he is unlawfully restrained of his liberty by H. J. Law, sheriff of Blaine county.

It is averred that his illegal confinement and detention consists in this, to wit:  That a commitment was illegally issued by W. F. Duncan, judge of the county court of Blaine county, upon a preliminary examination had upon a complaint wherein petitioner was charged with the crime of robbery by the use of firearms of the State Bank of Greenfield, and that, under the evidence introduced on said examination, petitioner was entitled to have been discharged from custody for the reason that said evidence was insufficient to show probable cause of believing petitioner to be guilty of the crime charged, which it is alleged will more fully appear from the transcript of the testimony taken upon said examination, and that said commitment as issued by said committing magistrate was without authority of law, and the same is therefore null and void. It is further shown that the district judge of the judicial district of Blaine county is absent from the state.  Wherefore petitioner prays that a writ of habeas corpus be granted and that he be discharged from custody, and further prays that if the court should be of the opinion that the evidence is sufficient to hold petitioner upon the charge of robbery by firearms, he be admitted to bail, fixed  at  a  reasonable amount, for the reason that the proof of guilt is not evident nor the presumption thereof great.

It is well settled that the courts exercise a supervising jurisdiction over the proceedings of a committing magistrate by means of habeas corpus and inquire into the legality of a commitment, and the question of probable cause, before an information is filed in the district court. Ex parte Turner, 3 Okla. Cr. 168, 104 P. 1071; Ex parte Beville, 6 Okla. Cr. 145, 117 P. 725; Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142; Ex parte Miller et al., 29 Okla. Cr. 301, 233 P. 775.

On a preliminary examination it is not necessary that the evidence on which the accused is held to answer be sufficient to support a conviction. Under the statute (section 2497, Comp. Stats. 1921) it is enough if it be shown that the offense was committed and that there is sufficient cause for believing the defendant guilty thereof.

Upon careful consideration of the evidence taken on the preliminary examination, we think it is sufficient to warrant the holding of petitioner for trial. Therefore the application for his discharge on the writ is denied. Upon the record before us there can be no doubt that petitioner is entitled to be admitted to bail as a matter of legal right.

Wherefore it is adjudged and ordered that petitioner be admitted to bail in the sum of $5,000, bond to be conditioned as by law provided, and upon approval of the same by the judge of the county court of Blaine county, the respondent, sheriff, shall discharge said petitioner from custody.

EDWARDS, J., concurs.