## J. M. COOK v. STATE.

No. A-4904.   Opinion Filed Oct. 10, 1925.
(239 Pac. 682.)

Anglin & Stevenson, for plaintiff in error.

EDWARDS, J. From a conviction in the county court of Hughes county upon a charge of unlawful possession of intoxicating liquor, the plaintiff in error has appealed upon two assignments of error. First: The admitting of incompetent evidence prejudicial to the plaintiff in error; second, that the judgment is not sustained by sufficient evidence.

The first assignment is predicated upon the admission of evidence obtained by a search warrant which plaintiff in error argues was not legal. This contention is not sustained by the record before us. The evidence is that the officers who made the search had a search warrant. There is nothing in the record to show that it was illegal and not properly obtained upon affidavit showing probable cause. Where the evidence is that a search warrant was issued and executed, the presumption is that the proper legal proceedings were observed, and the burden is on the plaintiff in error to overcome that presumption. This he has wholly failed to do, and his contention is untenable.

The second assignment that the evidence is insufficient is, we think, well taken. The evidence on the part of the state is that, under the authority of a search warrant, certain officers went to the residence of defendant, searched his house and found a fruit jar which smelled

like it had had whisky in it. In or near a cellar they found two other fruit jars that smelled like they had contained whisky. In a tow sack about 100 yards from the house, in a cane patch, were found three half-gallon fruit jars, one of which was broken by the officers in procuring it. The other two were filled with whisky. This was upon the premises occupied by the plaintiff in error, but there was no path leading to the whisky and no proof that it had been in the actual possession of the plaintiff in error. There was another house in which some family lived about 50 yards farther from where the tow sack containing the whisky was found than did the plaintiff in error. This was the substance of the evidence for the state. To sustain a conviction, we must infer that the whisky found 100 yards from the house was in the possession of the plaintiff in error, and that he had it with the intent to violate the prohibitory law. If the possession were clearly shown, the evidence would be sufficient under the prima facie presumption rule, but to sustain the judgment in this case there must be a presumption of possession and of the intent to violate the law. The indications are that the defendant is guilty. We might even say that there is a strong suspicion of guilt, but the evidence falls short of that convincing character that is required to warrant a conviction of guilt.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.