## JAMES WORLEY v. STATE.

No. A-5635.    Opinion Filed Jan. 29, 1927.
(252 Pac. 852.)

Chester H. Lowery, Brown Moore, and R. J. Shive, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The information in this case charges that in Payne county, on the 16th day of March, 1925, James Worley "did then and there willfully and unlawfully manufacture spirituous liquor, to wit, corn whisky, contrary to," etc.  On the trial the jury returned a verdict finding the defendant guilty, and fixed his punishment at a fine of $50 and imprisonment in the county jail for 60 days.  Of

the various errors relied on for a reversal, it is only necessary to consider the one the evidence is insufficient to sustain the verdict and the judgment.

The proof shows, or tends to show, that two deputy sheriffs, armed with a search warrant, visited the home of the defendant in his absence and found a barrel buried level with the ground, about a fourth full of corn chops and water; it was about 300 yards northwest from the defendant's house; there was a ravine just south of it; they filled a fruit jar with the contents, and then filled the barrel with trash and dirt. They each testified that they searched the premises and did not find anything but a milk can.

J. B. Calderhead, sheriff, testified that he visited the premises the next day with a warrant and arrested the defendant; that the defendant denied any knowledge that the barrel was there. Each of the witnesses testified that the contents of the glass jar had not been analyzed. The defendant, a colored man, testified:

"I have lived in Payne county 15 years. I am a married man, and have five children. I am a farmer. I arrived home about 8 o'clock that night. The next day I was arrested by the sheriff. They took a milk can from my place, and this stuff in the fruit jar, they said they got that at my home. I did not know it was there. I have never made any liquor. I never had any corn mash at my home. I don't know what is in that jar. The milk can belongs to my wife. She worked for an old man that was sick, and his wife gave that milk can to her, half full of molasses. It had been there two years. The barrel was about 300 yards from my house and about the same distance from the house of Clarence McKinney. It was just as close to his house as it was to mine. I asked them to search up there, I told them that the folks up there had framed up on me, because I had trouble with them over a team of mules. I was never before arrested in my life."

The defendant's wife, Jessie Worley, testified in substance as follows:

"My husband never made any liquor there. I don't know anything about the barrel found by the officers."

Thus it appears that there was not a scintilla of evidence offered upon the part of the state showing, or tending to show, that the defendant manufactured corn whisky as charged in the information. There is no evidence to show that the mixture found upon defendant's premises contained as much as one-half of one per cent. alcohol, measured by volume, or that it was capable of being used as a beverage. Where, as in this case, the proof wholly fails to show the commission of the crime charged, or any offense necessarily included, it is the duty of the court to direct a verdict of not guilty.

Because the evidence is entirely insufficient to support the verdict and judgment of conviction, the judgment is reversed, with directions to dismiss.

EDWARDS and DAVENPORT, JJ., concur.