## FRED McDONALD v. STATE.

No. A-5733.   Opinion Filed April 16, 1927.
(255 Pac. 160.)

H. T. Church, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tulsa county on a charge of having the unlawful possession of Choctaw beer containing more than one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage.

At the time charged, two officers saw some persons in an automobile drive up to the residence of defendant and go into the house.   Soon they saw defendant come out of the house with a pitcher, and go some 50 or 75 yards away, across an alley, to a small house, and then return with a pitcher of liquid.   They followed him into the house, arrested defendant, and seized the pitcher of liquid.   None of the parties tasted the liquid, nor was any analysis made to ascertain its alcoholic content.   One of the officers, C. O. Briggs, testified:

"* * * Q.   You didn't drink any of it?   A.   No, sir.

"Q.   You don't know whether it was Choc beer or not, do you?   A.   Smelled and looked like Choc beer.

"Q. You are basing your testimony that it was Choc beer on the looks and odor? A. Yes, sir.

"Q. And that alone? A. Yes, sir. * * *

"Q. Do you know how old it was, or the condition of it? A. No. * * *

"Q. The intoxicating quality of Choctaw beer depends on the ingredients that go into it and the age of it, does it not? A. I think so. * * *

"Q. From your experience as an officer, will you state to the court whether or not it was the finished product? A. It was, in my estimation.

"Q. From your sense of smell? A. Yes, sir.

"Q. Would you say that was intoxicating? A. I would say it was.

"Q. From your observation and your experience in handling Choc taken under these circumstances, what would you say with reference to its alcoholic content? * * * A. I think it is beyond 6 per cent.; * * * may be 9. It was pretty high power stuff looked as though.

"Q. You say it contained 6 per cent. alcohol just from the looks? A. Well, from the appearance of it; yes, sir. * * *

"Q. Never attempted to analyze this? A. Never analyzed any in my life; never taken a drink of Choc in my life. * * *"

The witness Davis, the only other witness for the state, testified:

"* * * Now, are you familiar with Choctaw beer in its finished form? * * * A. Yes, sir.

"Q. Will you state to the court whether or not this that you found there in that granite pitcher was the finished form? A. Yes.

"Q. From your experience as an officer in handling and dealing with Choctaw beer, will you say whether or not this Choctaw beer that you saw there was intoxicating? A. Yes, sir. * * *

"Q. Have you had frequent occasions to handle this, Mr. Davis, Choctaw beer? A. Yes, sir. * * *

"Q. From your experience as an officer in handling Choctaw beer, and your experience with the analyzed product heretofore, what would you state as to your best judgment as to the alcoholic content of this particular beer? A. 4 or 5 per cent. * * *

"Q. You tasted this particular article that you got over there from Fred? A. No; I never tasted any of that.

"Q. Never tasted it at all. Then you are just giving your opinion as to what that article was, aren't you? A. This was just like the Choc I have drank.

"Q. That is, looked like it? A. And smelled like it.

"Q. Smelled like it. Then you are basing your testimony altogether on the looks and smell? A. Absolutely. * * *"

It is common knowledge that the product generally called "Choc" or Choctaw beer is made in various ways and of various ingredients. It may or may not be capable of being used as a beverage, and may or may not have as much as one-half of 1 per cent. of alcohol, measured by volume, depending on the manner of its making, the ingredients used, and the degree, if any, of fermentation. The courts do not take judicial knowledge that it is intoxicating. Skelton v. State, 31 Okla. Cr. 343, 239 P. 189; Rambo v. State, 31 Okla. Cr. 214, 238 P. 869.

At most, the evidence in the record before us gives only the opinions of the witnesses for the state, based on the appearance and smell of the liquid seized, that it is intoxicating or contained as much as one-half of 1 per cent. of alcohol, measured by volume. This is not sufficient.

Other assignments of error are presented, but it is not necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.