## LEWIS COLEMAN v. STATE.

No. A-6226. Opinion Filed Feb. 10, 1928.
(263 Pac. 676.)

Tolbert, Hunter & Tolbert, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. In this case the information charges that in Kiowa county, August 29, 1925, Lewis Coleman "did then and there unlawfully, willfully, and wrongfully transport and convey intoxicating liquor, to wit, about one-half gallon of beer, from one place in Kiowa

county to another place therein, to wit, from a point 1 mile west of the town of Roosevelt, on the section line, thence south, thence west, thence north, a distance of more than 2 miles."

On trial by jury the defendant was convicted and punishment fixed at a fine of $200 and imprisonment in jail for 120 days. From the judgment entered in pursurance of the verdict, he appeals.

The first assignment of error argued is that the court erred in overruling the demurrer to the information and in overruling the objection to the introduction of any evidence upon the ground that the information fails to state facts sufficient to constitute an offense.

The information is sufficient, as it alleges the transportation of intoxicating liquor, to wit, beer. It follows that the demurrer thereto and the objection to the introduction of evidence were properly overruled. It is also contended that the evidence is not sufficient to support the verdict.

Bill Humble testified that he was constable at Roosevelt. that he, together with Mr. Webster, went to the Stephens place, about 5 miles southwest of Roosevelt; that there was a dance and supper there that night; that he heard a car running about a mile west of this house and went down on the section line and waited for the car to come by; that the car stopped and the defendant got out and reached back over the seat, picked up a half gallon fruit jar full of Choe beer; that he thought he was going to "bust" it on the post, and he shot down pretty close to him; that he called Mr. Webster and turned the defendant over to him and went back and picked up the jar.

He further testified as follows:

"Q. What did that fruit jar contain? A. Choc beer.

"Q. Did you taste of it? A. Yes, sir.

"Q. I will ask you to state if it was intoxicating? A. I will have to state that it was intoxicating liquor.

"Q. You say you have that jar? A. Yes.

"Q. I will ask you to state to the jury what that is? A. I can't state what it is now."

W. A. Webster testified that they were having a supper down on the Stephens place, and he went there with Mr. Humble and followed Mr. Humble from the house and saw the defendant with Mr. Humble.

He further testified:

"Q. What was he doing when you first saw him? A. Well, the car had stopped, he had this Coleman and a half gallon of what is known as Choc beer. I was up to the house when the car stopped. Mr. Humble called and I drove down to where he was, something like 300 yards, possibly.

"Q. Did you examine the fruit jar of liquid at that time? A. I did.

"Q. How did you examine it? A. I tasted it.

"Q. I will ask you to state whether that liquid was intoxicating liquor? A. I would judge at that time it was."

At the close of the state's evidence the defendant moved for a directed verdict of acquittal in the form of a demurrer to the evidence, which was overruled.

James Nelson testified: That he was riding in the front seat with the defendant when he stopped the car. That the defendant got out and a couple shots were fired. Mr. Humble with a searchlight grabbed the defendant and said, "Hold up there," and "fired a couple more shots." Mr. Webster drove up and took charge of

the defendant. Mr. Humble went over the fence and brought a jar back. That Mose Duckett and Ned Morgan were in the back seat.

Mose Duckett testified that the defendant stopped the car and got out, and about that time some shots were fired. Mr. Webster drove up. Mr. Humble turned the defendant over to Mr. Webster and told witness to get in Webster's car, and he got in.

L. T. Stephens testified that Mr. Humble came to his house and said that he found a keg of beer in the pasture and asked for an empty jar, and they gave him one.

The defendant testified that he stopped his car and got out and Mr. Humble fired a couple of shots and said, "Hold up or wait"; that he did not have any liquor in the car or any jars in the car; that Mr. Humble crossed the fence and came back with a jar.

It is contended that the testimony of the witnesses Humble and Webster that they had tasted the contents of the jar and that it was intoxicating was incompetent, in that they had failed to show themselves competent and qualified to judge whether or not such liquor was intoxicating or not.

We have held repeatedly that the courts do not take judicial knowledge of the alcoholic content of "Choc beer," since its manufacture is not uniform, and it is not a liquid per se intoxicating. Welch v. State, 35 Okla. Cr. 2, 246 P. 1113; McDonald v. State, 36 Okla. Cr. 426, 255 P. 160; Worley v. State, 36 Okla. Cr. 128, 252 P. 852; Rouney v. State, 32 Okla. Cr. 111, 240 P. 142; Cook v. State, 36 Okla. Cr. 214, 239 P. 682; Rambo v. State, 31 Okla. Cr. 214, 238 P. 869.

In this case the witnesses for the state failed to

qualify or to state any fact upon which their opinions were based. It follows that there was no competent evidence to show that the so-called "Choc beer" was intoxicating liquor. The acts of the constable in making the arrest were wholly unauthorized, and the evidence obtained for that reason was inadmissible.

For the reasons stated, the judgment is reversed and the case remanded to the court below with directions to discharge the defendant.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.