JACK RAMBO v. STATE.

No. A-4821. Opinion Filed July 18, 1928.
(238 Pac. 869.)

J. Q. A. Harrod and W. R. Withington, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below.

From a conviction on a charge of unlawful possession of intoxicating liquor, the defendant appeals. The contention is made that there is no proof of the alcoholic content of the liquid in question. The record discloses that on the 26th of April, certain officers went to the residence of defendant and found a barrel containing about 50 bottles of "choc beer" on ice, which was seized. On May 6th an analysis of said liquid was made and it was found to contain 1.47 per cent. alcohol, measured by volume. There was evidence that liquid of this character would develop alcoholic substance in about a week, depending on the condition in which it was made and kept. The chemist who made the analysis further testified that he was unable to tell whether or not the alcoholic content was the same on the 26th day of April as it was on the 6th of May, when he made the analysis. That it might be stronger. The state contends that by reason of the analysis at the time it was made showing more than one-half of 1 per cent. alcohol, that a prima facie case was proven and that

the burden then devolved on the defendant to show that at the time the liquid was seized it contained less than one-half of 1 per cent. of alcohol.

The courts do not take judicial knowledge of the alcoholic content of "choc beer," since its manufacture is not uniform and it is not a liquid per se intoxicating. Skelton v. State, 31 Okla. Cr. —, 239 P. 189.

It was therefore necessary that the state prove, either directly or by circumstantial evidence, that at the time or near the time when seized the liquid in question contained as much as one-half of 1 per cent. of alcohol, measured by volume. Proof that the liquid in question, 10 days after its seizure, contained 1.47 per cent. alcohol was not proof that at the time it was seized it contained the prohibited per cent. Since, according to some of the evidence in the case, the alcoholic content changed with the degree of fermentation, the evidence was insufficient on that point. If the liquid had been analyzed following its seizure and found to contain more than the prohibited quantity of alcohol, such evidence would have been at least circumstantial proof that at the time of its seizure, it contained the prohibited amount. But a delay of 10 days in making an examination is so unreasonable that it is not proof of the alcoholic content at the time of its seizure.

Since the case must be reversed, we deem it unnecessary to determine whether or not the seizing of the liquid in question without a search warrant under the facts proven was an invasion of the rights of the defendant. For the reason assigned, the case is reversed and remanded, with instructions to the lower court to dismiss.

BESSEY, P. J., and DOYLE, J., concur.