# S. J. OWEN v. STATE.

No. A-6292.   Opinion Filed Sept. 29, 1928.
(270 Pac. 337.)

Percy Powers, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Greer county, charged with the manufacturing of intoxicating liquor, to wit, about seven gallons beer, was sentenced to imprisonment in the county

jail for 30 days and to pay a fine of $50 and cost, and has appealed to this court for review by a petition in error and case-made, which petition in error and case-made was filed in this court on June 3, 1926. In due time the case was duly assigned for hearing, no brief was filed by the defendant, and on April 21, 1928, after an examination of the record, it appearing there were no fundamental errors, an opinion was rendered affirming the case. May 14, 1928, the defendant, by his attorney, filed a petition for rehearing, and assigned as a reason why the petition should be granted the same errors that were assigned in his original petition in error, which are as follows:

First, that the verdict and judgment of the trial court is not supported by the evidence and is contrary to law.

Second, that the trial court erred in refusing to give to the jury instruction No. 1, and instead gave instruction No. 3½.

After a careful examination of the petition for rehearing and authorities cited in support of the same, it is ordered by the court that the original opinion (40 Okla. Cr. 17, 266 P. 514) in this case be withdrawn, and the same is hereby withdrawn and petition for rehearing granted.

The defendant has argued at length his second assignment, that the trial court erred in refusing to give to the jury instruction No. 1 and instead gave instruction No. 3½. The Attorney General has examined the petition for rehearing and the errors assigned by the defendant, and has filed the following confession of error:

"The evidence in this case discloses that the defendant herein is a farmer, 62 years of age, residing

on his own farm with a wife and eleven children, and that said defendant had never before been arrested for anything, and so far as the record is concerned there is nothing to show that any suspicion of bootlegging had ever attached to the defendant herein.

"The evidence further discloses that the wife of the defendant had been sick for a number of years, and that some time in August preceding the alleged making of the beer alleged to have been made by the defendant a physician had recommended to the defendant that he should get some beer for his wife, as the physician advised that her system seemed to be clogged up, and that this, no doubt, would assist in unclogging the system and give her an appetite. This defendant herein went to Mangum, the county seat, and purchased a can of Puritan malt from which he prepared beer. When the physician thereafter came to visit the wife of the defendant some of this beer was given to the physician to test to discover whether or not it would be good for his wife, and the said physician advised the defendant that it would be all right. Thereafter, and for several months, the defendant herein purchased from the grocery-man at Mangum cans of Puritan malt from which he continued to make beer for his wife.

"There is nothing in the record that shows that any of this malt contained more than one-half of 1 per cent. alcohol, measured by volume, and the only evidence as to the intoxicating contents of said malt was that of one of the officers who arrested the defendant, and who testified that, in his opinion, the said beer was intoxicating and contained more than one-half of 1 per cent. of alcohol, measured by volume. This officer testified that he was not an expert in testing intoxicating liquors, and that said beer had not been tested to determine the contents thereof, and there is nothing in the record to show that this preparation contained as much as 1 per cent. of alcohol, measured by volume.

"There is nothing to show that the beverage herein was anything else than the beverage made from

what is known as Puritan malt, and which is sold in the grocery stores throughout the country, and the Attorney General says that, if all those who use Puritan malt were tried and sent to the county jail therefor each county, no doubt, would have to build many other jails than they now have. The writer of this brief is a prohibitionist, both in theory and practice, and has never seen or tasted what is known as home brew, but says that under the facts in this case he feels that it would be a travesty upon justice under the circumstances in this case to permit the judgment herein to stand and this man to serve a sentence in jail, and the Attorney General says that in his opinion the evidence is not sufficient to support the verdict herein, and this case should be reversed upon the insufficiency of the evidence. See Rambo v. State, 31 Okla. Cr. 214, 238 P. 869; Skelton v. State, 31 Okla. Cr. 343, 239 P. 189.

"The defendant, in the trial of this case, requested the court to instruct the jury as follows: 'Under the law it is a misdemeanor to manufacture any vinous or malt liquors, or any imitation thereof, or substitute therefor, whether medicated or not, that contains as much as one-half of 1 per cent. of alcohol, measured by volume, which is capable of being used as a beverage, and, unless you find and believe beyond a reasonable doubt that so-called 'beer' manufactured by the defendant contained as much as one-half of 1 per cent. of alcohol, measured by volume, you must acquit the defendant.'

"The Attorney General says that under the facts in this case this instruction should have been given if the case at bar should have been allowed to go to the jury, and that a failure of the court to instruct the jury on the law as to the contents of home brew would be such error as to justify a reversal of the case at bar.

"For the reasons herein set forth, the Attorney General confesses error in the case at bar, and says that said case should be reversed and remanded."

We think the confession of error of the Attorney General is well taken.

The judgment of the trial court is therefore reversed and the case ordered dismissed.

DOYLE, P. J., and EDWARDS, J., concur.