## GUS STANKA v. STATE.

No. A-6425.   Opinion Filed Jan. 12, 1929.
(273 Pac. 279.)

Ross Cox, S. A. Horton, and Stewart & Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Harmon county on a charge of having the unlawful possession of intoxicating liquor, and his punishment was fixed at a fine of $150 and imprisonment in the county jail for a term of 60 days.

The information alleges that defendant had the possession of certain intoxicating liquor, to wit, one gallon of whisky and three cases of Choc beer. The record discloses that certain officers with a search warrant searched the place of business of defendant, which was a bottling works, and the immediate vicinity. A quantity of Choctaw beer

was found, which was analyzed 10 days thereafter and found to contain a fraction less than 4 per cent. of alcohol. In an alley immediately adjacent to the bottling works, between it and the truck of defendant, two half-gallon fruit jars full of corn whisky were found. There is testimony from one Bridgewater, who acted as a snitch, which tends strongly to prove that defendant was engaged in the unlawful sale of intoxicating liquor. Also some evidence of statements made by defendant to the same effect.

It is contended that the information is insufficient in failing to allege that the Choctaw beer contained as much as one-half of 1 per cent. of alcohol measured by volume. A demurrer was interposed, but so far as the record discloses it was never called to the attention of the court nor ruled on. It will be deemed to have been waived. In the absence of a challenge by demurrer, and indulging all the inferences and intendments, the information is sufficient.

It is also argued that there is no evidence that the Choctaw beer was intoxicating at the time seized, since it was not analyzed until 10 days thereafter, citing Rambo v. State, 31 Okla. Cr. 214, 238 P. 869; Rouney v. State, 32 Okla. Cr. 111, 240 P. 142; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113; Phelps v. State, 36 Okla. Cr. 213, 253 P. 910; McDonald v. State, 36 Okla. Cr. 426, 255 P. 160.

There is no proof in this case, however, that the beer at the time seized was undergoing fermentation. This court has held that, where there is no evidence tending to show that the beer is undergoing fermentation at the time it is seized, there is no presumption of an increase in its alcoholic content. Rambo v. State, 38 Okla. Cr. 192, 259 P. 602.

Some complaint is made of the court's instructions, but we find no such material error as requires a reversal. Upon a consideration of the entire case, we are convinced

that defendant was fairly tried. The evidence is sufficient to sustain the judgment and sentence.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.