## JACK BRADLEY v. STATE.

No. A-..........   Opinion Filed Oct. 26, 1929.
(281 Pac. 983.)

H. L. Fogg and J. A. Rinehard, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county on a charge of unlawfully manufacturing intoxicating liquor and his punishment fixed at a fine of $50 and to be confined in the county jail for 30 days.

The defendant complains that the information is insufficient to charge an offense. The information alleges:

"* * * That one Jack Bradley, late of the county of Canadian and state of Oklahoma, on or about the 9th day of August in the year of our Lord one thousand nine hundred and twenty-six, at and within the said county and state, did then and there willfully, unlawfully and wrongfully manufacture intoxicating liquor, to wit, Choctaw beer, the said beer being then and there capable of being used as a beverage and manufactured by him the said Bradley as aforesaid by placing a certain mixture of yeast, raisins, sugar, water and other ingredients, all of which are unknown to informant and the exact proportions of which are to informant unknown, in a large container and fermenting the said mixture for beverage purposes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

Section 7002, C. O. S. 1921, provides:

"* * * Or to manufacture, sell, barter, give away, or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated, or not, which contain as much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage. * * *"

In charging the offense under this section, prohibiting the manufacture of liquors or compounds other than spirituous, vinous, fermented, or malt liquors, it is necessary to allege that such liquors or compounds contain more than one-half of 1 per cent. alcohol measured by volume. Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 Pac. 179; Wortman v. State, 9 Okla. Cr. 440, 132 Pac. 358; Gill v. State, 20 Okla. Cr. 39, 200 Pac. 882; Coleman v. State, 39 Okla. Cr. 149, 263 Pac. 676.

The information being insufficient to state an offense, the cause is reversed.