T. B. ROBERTS v. STATE.

No. A-7321. Opinion Filed April 26, 1930.
(287 Pac. 793.)

Percy Powers and Roddie & Harrison, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor as charged in the information, and his punishment fixed at a fine of $50 and imprisonment in the county jail for thirty days.   From which judgment the defendant has appealed to this court.

The testimony of the state, in substance, is that Sam D. Rude, on the 7th day of July, 1929, called at the home of a negro in the northeast part of town:

"I think T. B. Roberts is the name; I had information he was creating a great deal of trouble and beating up his family; I went into his house and found five gallon of home-brew; I found him and put him in jail; he was not at home when I arrested him; we found a five gallon crock jar almost level of stuff they were making home brew out of; in my judgment it was intoxicating."

On cross-examination witness stated:

"The defendant was not at home, but parties there told me they were his family.   This concoction had not been strained; I am not a chemist and did not have this analyzed."

W. Scott testified he was one of the police officers at Mangum on the 7th day of July, 1929; that he knew the defendant:

"His wife came to the city hall for us to go down to her house and showed us the five gallon jar of home brew; we took some of this brew and poured the rest out and brought the jar to the city hall, after that we went out to look for the defendant; we found him in Butch's Cafe; I would say this was intoxicating; I believe if a man drank enough of it he would be under the influence of intoxicating liquor."

Joe Chapman testified he lived at Mangum; he went to the defendant's house and found five gallons of beer in the kitchen in a cabinet; that "his wife and kids were at home; we had no search warrant but the wife invited us in." On cross-examination the witness stated that the defendant was not there when they went to his home; "this was home-brew, it was not like beer we had before prohibition; it was made from malt you buy at the grocery, corn and everthing else; I don't know whether it contained as much as one-half of one per cent. alcohol measured by volume or not."

At the close of the state's testimony the defendant demurred to the evidence of the state and asked the court to direct the jury to return a verdict of not guilty, for the reason that the evidence on the part of the state wholly fails to prove that a crime has been committed as alleged in the information, and wholly fails to show that this defendant was guilty thereof, or that he was in any way whatever connected with the alleged home-brew, or that the said home-brew was intoxicating.

"The Court: Overruled. The court holds that it is unlawful to manufacture any beer, wine or ale in this state. (The defendant excepted.)"

The defendant assigns six errors alleged to have been committed by the trial court. The first assignment we will consider will be the second assignment, which is that

the court erred in refusing and overruling the plaintiff in error's requested instruction No. 1. The instruction No. 1 requested by the defendant is as follows:

"Under the statute it is a violation of law to possess for an unlawful purpose any beer, or any imitation or substitute therefor, whether medicated or not, capable of being used as a beverage, that contains as much as one-half of one per cent of alcohol when measured by volume, and unless you find and believe from the evidence beyond a reasonable doubt and that the alleged beer contained as much as one-half of one per cent of alcohol when measured by volume, you must acquit the defendant."

The defendant insists that this requested instruction should have been given by the court, for the reason that all of the state's evidence shows that the contents of the jar that was found at the home of the defendant was homebrew in the making. There is no testimony showing it was capable of being used as a beverage, and no positive testimony that it was intoxicating. None of the contents of the jar was analyzed and two of the witnesses state as their conclusions that it was intoxicating if a party should drink a sufficient quantity.

In Owen v. State, 41 Okla. Cr. 67, 270 Pac. 337, this identical question was before the court, and at the close of the state's evidence the defendant requested the same instruction as requested in this case, which was refused by the trial court, and, when the case came before this court, this court held that, under the facts in the case, the instruction requested by the defendant should have been given. Following the reasoning in the Owen Case we hold that the court erred in not giving the instruction requested by the defendant in this case.

It is further urged by the defendant that there was no competent testimony to go to the jury, for the reason

that the officers went to the home of the defendant without a search warrant or without a warrant for his arrest. The defendant was not at home. The officer did not find the defendant in possession of the brew alleged to have been found in defendant's home. No statement made by his wife to officers in the absence of the defendant could bind him. The officers admit they went to defendant's home, that the wife invited them in and told them where they could find the jar containing this concoction in the making, that has been designated by the witness as home-brew. The court erred in admitting this testimony. What the wife said was hearsay, and not competent evidence to go to the jury.

For the reasons herein stated the case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.