JOE COVAULT v. STATE.

No. A-7308.  Opinion Filed May 24, 1930.
(288 Pac. 504.)

Mauntel & Spellman, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of possession of beer, the same containing in excess of one-half of 1 per cent. alcohol by volume, with the unlawful intent to barter, sell, give away, or otherwise furnish to others; and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for thirty days; from which judgment the defendant has appealed.

The testimony in this case shows that the officers went to the home of the defendant and found several bottles of what was designated as beer in the ice box and in the basement.  Neither of the officers could testify as to the con-

tents of the bottles, or to whether or not it was intoxicating. About four months after the beer was seized by the officer and the trial began, the state closed its testimony without having sufficient proof to sustain the allegations in the information. The county attorney asked permission to reopen the case, and had a chemist examine the contents of two of the bottles. The chemist was called as a witness, and testified that the contents of the two bottles he examined contained more than one-half of 1 per cent. alcohol by volume; that he examined the same at the request of the sheriff's office; witness from the sheriff's office was called, and stated that the bottles that the chemist had examined the contents of at the noon hour were bottles taken from the home of the defendant.

The defendant denied any knowledge that the beer, or liquor, in the bottles at his place was intoxicating; some of it he had bought from some party, but he had not drunk any of it to tell the effect it would have upon him. Prior to the date of the trial, the chemist had examined two bottles shown to have been taken from the number seized at the defendant's home, and his report showed these two bottles contained less than one-half of 1 per cent. of alcohol measured by volume.

The testimony further tends to show that these bottles were tightly capped, and the chemist testified that, while bottles are tightly capped, there would be a very little gain, if any, of the per cent. of alcohol between the time of the seizures by the officers and the examination by the chemist. He further testified that, when he removed the cap to analyze the contents of the bottle, it was not fermenting.

Several errors are assigned by the defendant, alleged to have been committed by the court in the trial of his

case. The first is, error of the court in overruling motion of the defendant for a new trial. All the errors complained of may be considered in the first assignment. An examination of the record shows that the chemical analysis of the beer found in the defendant's home contained more than one-half of 1 per cent., measured by volume; that the bottles were tightly capped; that, when the caps were taken off, the bottles were not fermenting. While is is true the examination was made several weeks after the search of the defendant's home, the testimony of the chemist tends to show that, if the contents of the bottles were not fermenting when bottled, it would gain but a very small per cent. of alcohol where the bottles were tightly capped. Stanka v. State, 41 Okla. Cr. 348, 273 Pac. 279.

Where seizures of this character are made, it would be a better procedure to have an analysis made immediately after taking possession of the alleged beer.

After a careful examination of the testimony, we hold the same is sufficient to sustain the judgment. The judgment is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.