## STATE v. W. L. BEAVERS.

No. A-8584. Feb. 2, 1934.
(29 Pac. [2d] 133.)

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty. (Charles H. Garnett, of counsel), for the State.

CHAPPELL, J.   This case is an appeal by the state from an order and judgment of the district court of Oklahoma county sustaining a motion of defendant to quash and set aside the information filed against him in that court upon the ground the evidence before the examining magistrate on preliminary examination was insufficient to show the crime charged had been committed.

The information alleged defendant embezzled the sum of $5,000 intrusted to him by one M. E. Stinson for the purpose of paying certain salesmen for the sale of corporation stock in which Miss Stinson was interested.

The evidence of the state was that Miss Stinson was taken to the office by defendant and introduced to one C. R. Prunty, at which time defendant and Prunty represented to her that certain salesmen were then in his office ready to begin the sale of stock, and that this $5,000 had to be in their hands before the sale began, to be used in paying the expenses of these salesmen; that acting on these representations, Miss Stinson gave defendant a check for $5,000; that as soon as defendant and Prunty were able to reach the bank, they cashed the check, defendant taking $500 and Prunty $4,500, none of which they used to pay the expenses of the stock salesmen, but used the same in payment of their personal bills; that Prunty lives outside of the state, having left the state shortly after the commission of the crime, and has never been apprehended.

Defendant is charged with embezzlement under section 2124, C. O. S. 1921, which reads as follows:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise intrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

The particular part of this statute applicable to the offense of defendant is:

"If any person being * * * intrusted with or having in his control property for the use of any other person, * * * fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, * * * he is guilty of embezzlement."

This evidence of the state clearly shows that defendant was intrusted by Miss Stinson with the sum of $5,000 to be expended for her use and benefit in the matter of selling stock in the Arklahoma Company, and that he fraudulently appropriated it to another use and purpose not in the due and lawful execution of his trust.

This court has many times announced the rule that evidence before a committing magistrate need not be sufficient to support a conviction upon trial, but if there was any evidence from which a reasonable mind might draw the conclusion that a crime had been committed and defendant was probably guilty thereof, the action of the magistrate in holding him to answer in the district court should be sustained. Ex parte Miller, 29 Okla. Cr. 301, 233 Pac. 775; Ex parte Rambo, 31 Okla. Cr. 214, 238 Pac. 869; McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925; State v. Harris, 44 Okla. Cr. 116, 279 Pac. 925; Ex parte Eason, 45 Okla. Cr. 211, 282 Pac. 684.

When the evidence introduced by the state is measured by these authorities, the state not only established that a crime had been committed, but also introduced sufficient evidence to show defendant probably guilty of the offense.

. The case is therefore reversed with directions to the court to proceed with the trial of the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.