Ex parte ELMO ORTON et al.

No. A-10312.   Sept. 2, 1942.
(128 P. 2d 1025.)

98

E. P. Neal and Joe Simpson, both of Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen and J. Walker Field, Asst. Attys. Gen., for respondent.

DOYLE, J.   The petitioners, above named, filed in this court on August 5, 1942, a petition wherein they allege they are illegally restrained of their liberty and held by Garland Marrs, sheriff of Tulsa county, in the county jail of said county.

That as petitioners are informed and believe, their illegal confinement and detension consists in this, to wit: That a warrant of commitment was illegally issued on July 27, 1942, by Krit Logsdon, a judge of said common pleas court of Tulsa county, division No. 2, upon a preliminary examination had upon a complaint wherein petitioners were jointly charged with the crime of larceny of one certain 1941 five-passenger Buick automobile, the personal property of Ed Rainbow, alleged to have been committed in said county on the 10th day of July, 1942, while acting in concert, each with the other; that under the evidence introduced on said examination, the defendants were entitled to have been discharged from custody for the reason that the evidence, if any there be, of each of said defendant's connection with the crime charged is so uncertain and inconclusive and insufficient to show

probable cause to believe the defendants to be guilty of the crime charged, which it is alleged will more fully appear from the transcript of the testimony taken upon such examination, which is annexed to and made a part of the petition.

Wherefore, petitioners pray that a writ of habeas corpus be granted and that they be discharged from custody.

Upon the filing of the petition counsel for petitioners and for the respondent appeared and thereupon a demurrer to the petition was filed and it was agreed that the case be submitted upon the pleadings and the arguments of counsel.

The testimony taken upon the examination tends to show the following facts:

Ed Rainbow, a used car dealer, doing business at Third and Lewis streets, city of Tulsa, had a '41 Buick, five-passenger coupe, color green, stolen from his place of business on the 10th day of July, 1942; and had an Oklahoma license tag, number two; that later he found and recovered this car at Lawton, Okla.

T. J. Pope, sergeant of police in Lawton, testified that on the 10th day of July, about 4 o'clock, he saw all three of the above-named defendants in a '41 Buick coupe, five-passenger car, color green, in an alley between Second and Third streets, and meeting them, "they started their car and he stopped his car in front of them." The defendant Orton was under the wheel, the defandant Walker on the front seat beside him, the defendant Rushing was in the back seat, beside him was a woman, Melba Anderson; he had them drive to the police station, there the defendant Orton told him that the car belonged to his brother in Oklahoma City, the tag on the car was an Oklahoma county license tag. Ed Rainbow came to Lawton, identified it as his car and he returned the car

to him, taking a receipt. Neither the defendants Rushing or Walker made any statement.

Jack Smith testified that as a member of the Tulsa police department, on the 15th of July, he went to Lawton with Officer Sturgeon. He took the three defendants in custody and brought them back to Tulsa, that he knew these three boys and they had at times been around Tulsa. That in a conversation with them relative to the '41 Buick coupe he asked all three of them what they did with the number tag. They said that they took the tag that was on the car from a 1937 Chevrolet, in Oklahoma City, and threw away the other tag outside of Oklahoma City, near Chickasha. Later on he heard the defendant Orton repeat the statement. He said they broke into this place, stole the man's keys, and threw them away. He took the defendant Orton to the place where he said they threw the keys; that they threw 40 sets of keys away; there we found two keys.

There was no testimony offered upon the examination on the part of the three defendants.

When the state rested, counsel for the defendants, and each of them, demurred to the evidence and moved the court to dismiss the action, for the reason and upon the ground that the evidence is insufficient to connect the defendants with the offense charged.

Demurrer overruled. Exceptions.

The Court: Defendants held for trial in the district court, bond fixed at $2,500.

A preliminary examination before a committing magistrate is not a trial, and a finding that the evidence is sufficient to show that the crime charged has been committed and probable cause to believe that the defendant is guilty thereof and an order of commitment issued thereon is not a "process issued on any final judgment" as

named in § 693, St. 1931, 12 O. S. 1941 § 1342. Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461; Ex parte Turner, 3 Okla. Cr. 168, 104 P. 1071; Ex parte Beville, 6 Okla. Cr. 145, 117 P. 725.

In the case of Ex parte Miller, 29 Okla. Cr. 301, 233 P. 775, 776, it is said:

"The general rule is that the same measure of proof is not necessary in a preliminary examination as in the trial.

"In a preliminary examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficient to support a conviction. Under the statute [sec. 2806, Sts. 1931, 22 O. S. 1941 § 264], it is enough if it is shown that an offense was committed and that there is sufficient cause to believe the defendant guilty thereof.

"In an examination of a complaint against Aaron Burr before Chief Justice Marshall, sitting as a committing magistrate, he said:

" 'On an application of this kind I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of the guilt of the accused; but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it.' [United States v.] Burr, 25 Fed. Cas. [page 2], No. 14,692a."

Upon a careful consideration of the evidence taken on the preliminary examination, we conclude that the committing magistrate was fully warranted in holding the petitioners for trial for the crime charged. Therefore, the application for the discharge of the petitioners on the writ of habeas corpus is denied.

BAREFOOT, P. J., and JONES, J., concur.