### In the Matter of the Habeas Corpus of Ruben HILL.

### No. A-12126.

Criminal Court of Appeals of Oklahoma.
Sept. 29, 1954.

Tillman & Tillman, Pawhuska, for petitioner.

Clyde Patrick, County Atty., Creek County, Sapulpa, Amos Hall, Tulsa, Sp. Pros., for respondent.

POWELL, Presiding Judge.

Ruben Hill filed a verified petition for a writ of habeas corpus to be admitted to bail upon a charge of murder, which was pending against him in the district court of Creek County, Oklahoma.

At the hearing before this court on September 20, 1954, the case was submitted upon the transcript of the testimony of witnesses who testified at the preliminary hearing, including the testimony of the defendant, together with an affidavit of one Lance Harrison, witness to the fatal difficulty between the defendant and Wince Nunn, Jr., now deceased.

Of course at a preliminary the State in order to be entitled to have an accused bound over to answer the charge, is required only to produce sufficient evidence to show probable cause. It is not necessary that the evidence upon which the defendant is held to answer for trial be sufficient to support a conviction. It is sufficient if it is shown that a felony was committed, and that there is probable cause to believe the defendant guilty thereof. Tit. 22 O.S.1951 § 264; Ex parte Roberts, 31 Okl.Cr. 314, 238 P. 867.

We do not know what the evidence may be on trial, but in a long line of cases this court has held that the right to bail in a capital case is absolute unless the proof is evident or the presumption great that the defendant is guilty as charged, and that in case of a conviction he would probably receive a life sentence or death. Ex parte Spears, 85 Okl.Cr. 101, 185 P.2d 479; Wilson v. State, 92 Okl.Cr. 388, 223 P.2d 561.

After studying the transcript and affidavit submitted, this court being satisfied that petitioner had made a showing that was sufficient to entitle him to be admitted to bail, entered an order directing that petitioner be admitted to bail in the reasonable sum of $20,000, conditioned as required by law and to be approved by the court clerk of Creek County. This formal opinion is filed in conformity with that order.

JONES and BRETT, JJ., concur.